## EX PARTE IN THE MATTER OF J. RAYMOND TIFFANY, AS RECEIVER, ETC., PETITIONER.

### PETITION FOR WRIT OF MANDAMUS OR PROHIBITION.

No. 26, Original. Argued January 19, 1920.—Decided March 1, 1920.

Where the District Court, in a case depending on diverse citizenship, having appointed a receiver to take charge of and disburse and distribute the assets of an insolvent state corporation, permitted a receiver later appointed for the same corporation by a court of the State to intervene and, after full hearing, denied his application to vacate the federal receivership and to have the assets turned over to him upon the ground that the proceedings in the state court had deprived the District Court of jurisdiction, *held*, that the order of the District Court denying the application was a final decision, within the meaning of Jud. Code, § 128, appealable to the Circuit Court of Appeals. P. 36.

The words "final decision" in that section mean the same thing as "final judgments and decrees," used in former acts regulating appellate jurisdiction. *Id.*

When there is a right to a writ of error or appeal, resort may not be had to mandamus or prohibition. P. 37.

Rule discharged.

THE case is stated in the opinion.

*Mr. Merritt Lane*, with whom *Mr. Dougal Herr* was on the brief, for petitioner:

The order of the District Court was not appealable under § 129 of the Judicial Code.

The application of the receiver in chancery was not to dissolve the injunction but that the District Court should instruct its receiver to turn over the assets to the chancery receiver before distribution to creditors.

And if application had been made to dissolve the injunctive order contained in the order appointing the receiver it would not have been appealable under § 129.

Such is the effect of the decision in *Highland Avenue & Belt R. R. Co.* v. *Columbian Equipment Co.*, 168 U. S. 627.

An order refusing to vacate a receivership is not made appealable under § 129.

The action of the District Court is not appealable under § 128. That section applies only to final judgments or decrees. The opinion of the District Court in denying petitioner's application is not appealable.

The present application is similar to that made by the petitioners in *Re Metropolitan Railway Receivership*, 208 U. S. 90, which this court determined on the merits.

If the award of the writ prayed for be a matter of discretion, we respectfully submit that the discretion should be exercised, because the matter involves a conflict between the federal and state courts which should ultimately be settled in some form of proceeding in this court. The applicant in fact represents the Court of Chancery of New Jersey, which in its turn represents the State in its sovereign capacity.

Moreover, before proceedings on appeal could be determined in the Circuit Court of Appeals, and in this court, the assets would be distributed and the questions involved would become merely academic.

*Mr. Samuel Heyman* for respondent:

The application to the District Court made by the chancery receiver was for an order dissolving the injunction issued by it against the corporation and its officers and for an order vacating the receivership. Such an order comes within § 129 of the Judicial Code.

The order was therefore appealable to the Circuit Court of Appeals under that section.

The order was also appealable under § 128 of the Judicial Code.

It totally excluded the chancery receiver from any

participation in the estate of the defunct corporation. Upon a final distribution of the assets, he would be totally ignored and distribution would be made to creditors direct. As he claimed title to the assets under the provisions of the New Jersey Corporation Act, the order was, as to him, a final judgment depriving him of his property and under § 128 of the Judicial Code he had the right to appeal to the Circuit Court of Appeals from this order as a final judgment. *Gumbel* v. *Pitkin,* 113 U. S. 545; *Savannah* v. *Jesup,* 106 U. S. 563; *Dexter Horton Bank* v. *Hawkins,* 190 Fed. Rep. 924; *s. c.* 194 U. S. 631.

The writ of mandamus should not be used for the purpose of appeal and should be refused where the petitioner has other appellate relief. *Ex parte Oklahoma,* 220 U. S. 191; *Ex parte Harding,* 219 U. S. 363; *In re Moore,* 209 U. S. 490.

MR. JUSTICE DAY delivered the opinion of the court.

This is an application of J. Raymond Tiffany as receiver, appointed by the Court of Chancery of New Jersey, of William Necker, Inc., for a writ of mandamus, or in the alternative a writ of prohibition, the object of which is to require the District Judge and the District Court of the United States for the District of New Jersey to order the assets of the corporation, in the hands of a federal receiver, to be turned over to applicant for administration by him as receiver appointed by the New Jersey Court of Chancery.

An order to show cause why the prayer of the petition should not be granted was issued, a return was made by the District Judge and the matter was argued and submitted. The pertinent facts are: On September 30, 1916, creditors and shareholders of William Necker, Inc., a corporation of the State of New Jersey, filed a bill in the United States District Court of New Jersey alleging the

insolvency of the corporation, praying for the appointment of a receiver, and a distribution of the corporate assets among the creditors and shareholders. The bill alleged diversity of citizenship as a ground for jurisdiction. The defendant corporation appeared and answered, admitting the allegations of the bill, and joined in the prayer that its assets be sold and distributed according to law. Upon consent the District Court appointed a receiver. The estate is insolvent, and the assets in the hands of the federal receiver are insufficient to pay creditors, and shareholders will receive nothing. On March 28, 1919, two and one-half years after the appointment of the federal receiver, creditors of William Necker, Inc., filed a bill in the Court of Chancery of New Jersey alleging the corporation's insolvency, praying that it be decreed to be insolvent, that an injunction issue restraining it from exercising its franchises, and that a receiver be appointed to dispose of the property, and distribute it among creditors and shareholders. A decree was entered in said cause adjudging the corporation insolvent, and appointing the petitioner, J. Raymond Tiffany, receiver. Thereupon Tiffany made application to the United States District Court asking that its injunction enjoining the corporation and all of its officers, and all other persons from interfering with the possession of the federal receiver, be dissolved; that the federal receivership be vacated, and that the federal receiver turn over the assets of the company then in his hands, less administration expenses, to the chancery receiver for final distribution,—the contention being that the appointment of the chancery receiver and the proceedings in the state court superseded the federal proceeding, and deprived the federal court of jurisdiction.

The federal receiver had made various reports and conducted the business of the corporation up until the time of the application in the Court of Chancery of New

Jersey, in which the applicant was appointed receiver. It appears that the applicants in the state court also filed their verified claims with the federal receiver, and that no creditor or shareholder made objection to the exercise of the jurisdiction of the federal court until the application in the state court.

The Federal District Court permitted the chancery receiver to intervene, heard the parties, and delivered an opinion in which the matter was fully considered. As a result of such hearing and consideration an order was entered in which it was recited that Tiffany, the state receiver, had made an application to the Federal District Court for an order directing it to turn over to the chancery receiver all of the assets of the corporation in the possession of the federal receiver, and the District Court ordered, adjudged and decreed that the said application of J. Raymond Tiffany, receiver in chancery "be and the same hereby is denied."

By the Judicial Code, § 128, the Circuit Court of Appeals is given appellate jurisdiction to review by appeal or writ of error final decisions in the District Courts, with certain exceptions not necessary to be considered. It is clear that the order made in the District Court refusing to turn over the property to the chancery receiver was a final decision within the meaning of the section of the Judicial Code to which we have referred, and from which the chancery receiver had the right to appeal to the Circuit Court of Appeals. By the order the right of the state receiver to possess and administer the property of the corporation was finally denied. The words: "final decisions in the district courts" mean the same thing as "final judgments and decrees" as used in former acts regulating appellate jurisdiction. Loveland on Appellate Jurisdiction of Federal Courts, § 39. This conclusion is amply sustained by the decisions of this court. *Savannah* v. *Jesup*, 106 U. S. 563; *Gumbel* v. *Pitkin*, 113 U. S. 545;

*Krippendorf* v. *Hyde,* 110 U. S. 276, 287. See also a well considered case in the Circuit Court of Appeals, Ninth Circuit—*Dexter Horton National Bank* v. *Hawkins,* 190 Fed. Rep. 924.

It is well settled that where a party has the right to a writ of error or appeal, resort may not be had to the extraordinary writ of mandamus or prohibition. *Ex parte Harding,* 219 U. S. 363; *Ex parte Oklahoma,* 220 U. S. 191. As the petitioner had the right of appeal to the Circuit Court of Appeals he could not resort to the writ of mandamus or prohibition. It results that an order must be made discharging the rule.

*Rule discharged.*