## In re EASTMAN KODAK CO.
### No. 4551.

Circuit Court of Appeals, Third Circuit.
Feb. 16, 1931.

Pennie, Davis, Marvin & Edmonds, of New York City, and Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa. (Charles W. Riley, of New York City, Boyd Lee Spahr, of Philadelphia, Pa., and George E. Middleton, of New York City, of counsel), for petitioners.

Thomas Raeburn White, of Philadelphia, Pa., for respondent.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge.

This is a motion for leave to file a petition for a writ of prohibition or mandamus to restrain the District Court from exercising jurisdiction over the petitioner which it assumed on service of a writ of summons and continues to hold after dismissing a rule to set aside the service. The petitioner finds authority for its motion in section 377 of title 28 of the United States Code Annotated, which provides that, "* * * the circuit courts of appeals * * * shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

Although the jurisdiction of the circuit courts of appeals is exclusively appellate, the petitioner resorts to this statute and prays for what in law is an original writ which all the cases hold those courts can issue when necessary for the protection and strictly in aid of their appellate jurisdiction when it is involved. United States v. Mayer, 235 U.

S. 55, 35 S. Ct. 16, 59 L. Ed. 129; In re Massachusetts, 197 U. S. 482, 25 S. Ct. 512, 49 L. Ed. 845; Hammond Lumber Co. v. United States District Court (C. C. A.) 240 F. 924. But courts differ as to what constitutes involvement of appellate jurisdiction, In re Babcock (C. C. A.) 26 F.(2d) 153; Grable v. Killits (C. C. A.) 282 F. 185, and as to whether the power to issue such writs exists not only when the appellate jurisdiction would otherwise be defeated but in other cases where necessary to render the appellate jurisdiction more efficient and effectual. As we are not inclined to enter this field of conflicting views voluntarily, we shall assume without deciding that this court has jurisdiction to issue the writ within the first principle stated and shall dispose of the motion on its legal merits.

The whole case as it comes here is contained in the petition which accompanied the motion. The petitioner avers that Charles B. Gray commenced an action at law in the District Court against it, the Eastman Kodak Company, a New Jersey corporation, Eastman Kodak Company of New York, a New York corporation, and Eastman Kodak Stores, Inc., a New Jersey corporation, to recover damages for alleged infringement of a patent. What purports to be service upon the petitioning New Jersey corporation was made by serving "a writ of summons together with a copy of the plaintiff's statement of claim and notice to file an affidavit of defense upon one Mary E. Kirkpatrick, as agent of the petitioner in said district." Asserting that it did not at the time of service have a regular and established place of business in the district, it entered a special appearance and moved to set aside the service. After a rule to show cause, the matter came before the District Court on motion, answer and proofs. The evidence is not produced in this court. The petitioner, however, stating its own conclusions from the evidence, which are diametrically opposed to the conclusions of the learned trial judge, avers, because not contradicted by other evidence, that the petitioner (the New Jersey Company) is merely a holding corporation, owner, except for qualifying shares, of all the capital stock of the New York Company, and is not engaged in business anywhere; that the New York Company, owner, except for qualifying shares, of all the capital stock of the Kodak Stores Company, is engaged exclusively in the manufacture and sale of photographic equipment and materials in the State of New York; that its business transactions in the Eastern District of Pennsylvania are those of interstate trade only, among which is the delivery of materials to the Kodak Stores Company, which it admits maintains a regular place of business in Philadelphia, Pennsylvania. The learned district judge discharged the rule on an ultimate finding of fact that the petitioner did at the time of service maintain a regular and established place of business in the district, accompanied with an opinion finding preliminary facts. These are as follows:

The judge frontally met the question essential to a valid service, whether the petitioner had "a regular and established place of business in the district" first by recognizing the originally distinct corporate entities of the three defendants. He then stated that the form or plan of these several corporations is a common one (Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 334, 45 S. Ct. 250, 69 L. Ed. 634) and that it was legally possible for them to do what was intended by their organizers, namely, for one to act solely as a holding company, another as a manufacturing company, and the third as a sales company, and that there should be no relation between the first and second except that of stock ownership and none between the second and third except that of stock ownership and vendor and vendee, and none whatever between the third and first. The court, however, found, as against what the three companies were intended to do and what they might have done, the things they actually did, which were to ignore these legal forms and distinctions and treat the activities of each company as a part or branch of one business, having with few or no exceptions the same general officers and together producing and marketing the products, and that there was in this situation a local business of the petitioner holding company with an agent at its place of business on whom service could validly be made. In other words, the court's final finding of fact was that the petitioner maintained a regular and established place of business in the district and that one of the reasons for the finding was that the petitioner itself had declared it to be such a place of business.

So, confronted with a finding of fact by the trial judge which is essential to the jurisdiction of his court over this defendant, the petitioner avers the judge erred in continuing to exercise the jurisdiction so assumed and, without showing the evidence on which the trial judge made the findings, prays for a rule upon him to show cause why he should not set aside the service, vacate his order and relinquish jurisdiction.

We can act only on the petitioner's own showing and in so acting we shall apply and very briefly refer to the law of the case as made by the petitioner. The plaintiff, seemingly in doubt as to which of the three related corporations he had sued was the actual tortfeasor and being willing to be relieved of possible embarrassment at the trial by a decision on· the petition, interposed no objection and left his case with the court.

There is no doubt that a circuit court of appeals can and will issue a writ of prohibition in aid of its appellate jurisdiction when there is a showing of law or fact that jurisdiction has been assumed by a district court within the circuit which is beyond its legal cognizance, Smith v. Whitney, 116 U. S. 167, 6 S. Ct. 570, 29 L. Ed. 601; Petition of United States, 263 U. S. 389, 44 S. Ct. 130, 68 L. Ed. 351, as, for exaggerated examples, in a suit on a contract when the pleadings show it is between citizens of the same state and in a suit on a contract or in tort for damages less than $3000; and for better examples, to require a district court to set aside an ultra vires order suspending a criminal sentence, Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; in an admiralty suit in rem against a vessel owned by the United States and employed in the public service, The Western Maid, 257 U. S. 419, 42 S. Ct. 159, 66 L. Ed. 299; and in suits for marine torts against a sovereign state which had not consented to be sued, Ex parte State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057, and Id., 256 U. S. 503, 41 S. Ct. 592, 65 L. Ed. 1063. These cases, indeed all the many cases cited by the petitioner which we have examined, turn on matters of law involving no disputed facts and no findings of fact with respect to which men and, accordingly, courts might differ. In such instances the appellate court, having before it all that was before the offending trial court, is in position to decide the question of jurisdiction and to decide it fully and finally.

But evidently the question when a circuit court of appeals should and should not issue a writ of prohibition turns in some cases, as in the instant case, on facts open to different inferences and in others on a doubt as to the law or the facts. So, in this confusion of cases, the Supreme Court has repeatedly made pronouncements, as to the issuance of a writ of prohibition, so similar in form as to suggest a rule for itself or for the guidance of other courts. It last appears in Ex parte Chicago, R. I., etc., 255 U. S. 273, 275, 276, 41 S. Ct. 288, 289, 65 L. Ed.· 631, in these words:

"If the lower court is clearly without jurisdiction, the writ will ordinarily be granted to one who at the outset objected to the jurisdiction, has preserved his rights by appropriate procedure and has no other remedy. In re Rice, 155 U. S. 396, 15 S. Ct. 149, 39 L. Ed. 198. If, however, the jurisdiction of the lower court is doubtful (Ex parte Muir, 254 U. S. 522, 41 S. Ct. 185, 65 L. Ed. 383); or if the jurisdiction depends upon a finding of fact made upon evidence which is not in the record (In re Cooper, 143 U. S. 472, 506, 509, 12 S. Ct. 453, 36 L. Ed. 232), or if the complaining party has an adequate remedy by appeal or otherwise (Ex parte Tiffany, 252 U. S. 32, 37, 40 S. Ct. 239, 64 L. Ed. 443; Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. [N. S.] 392), the writ will ordinarily be denied."

Reading this rule on the averments of the petition without accepting its conclusions from the evidence, it can hardly be said that the lower court is "clearly" without jurisdiction or that the petitioner has no other remedy. The most one can say is that its jurisdiction is "doubtful" in view of the opposite conclusions which the petitioner and the judge reached from the same evidence. As shown by the· petition itself, it is certain that the jurisdiction of the trial court "depends upon a finding of fact" and on a finding of fact made on evidence which is not before us. It will not do to say in reply that the evidence might be brought up on a rule against the district judge prayed for in the petition, for it is not disclosed whether the evidence has been preserved by stenographic or typewritten notes. But whether preserved or not, it might later be brought up equally well by appeal after trial.

And, finally, it is clear that the complaining party "has an adequate remedy by appeal" to be based on the court's ruling on some appropriate motion to be made at the trial when, it is conceivable, on the facts as they may develop at the trial, the judge might reverse his present position and set aside the service or dismiss the statement of claim against the petitioning defendant.

The motion for writ of prohibition is denied.