## MERRIAM v. UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF ARIZONA.

### No. 6869.

Circuit Court of Appeals, Ninth Circuit.

Sept. 7, 1932.

Charles C. Montgomery, of Los Angeles, Cal., and Jay D. Rinehart, of Pasadena, Cal., for petitioner.

Moore & Shimmel, of Phœnix, Ariz., for respondent.

Kirke T. Moore and Otto E. Myrland, both of Tucson, Ariz., amicus curiæ.

Before WILBUR, Circuit Judge, and JAMES and NORCROSS, District Judges.

WILBUR, Circuit Judge.

Petitioner seeks a writ of prohibition to prevent the trial court from entering a judgment foreshadowed by an opinion already filed in the case of Merriam, as Executor of the Will and Estate of Alice E. Day, v. Foster et al. Leave was granted to file the petition and order to show cause so issued. In response to the order to show cause, respondent filed an answer and the matter was submitted for decision on argument and briefs.

It appears from the petition and reply that Merriam, as executor of the will and estate of Alice E. Day, filed a complaint for the foreclosure of a mortgage upon certain real estate in Arizona given to secure a promissory note for $33,543.21 by S. A. Foster, Lena Foster, Walter Foster, and Hattie Foster. It was alleged in the complaint that the amount due upon the note was $53,462.77, including interest, and the value of the real estate was not to exceed $5,000. The defendants' answer admitted the execution of the mortgage, but alleged that the mortgage was given in connection with, and as a part of, the copartnership agreement of the same date as the note, December 17, 1919, and executed at the same time. Defendants admitted that no payments had been made upon the promissory note and denied that any amount was due thereon. It was alleged in effect that H. C. Day, the husband of Alice E. Day, was a copartner with the defendants Foster conducting the business under the name of Day & Foster and owning two-thirds interest in the copartnership. S. A. Foster and Walter Foster were jointly the owners of the other undivided one-third interest in the copartnership. It was alleged that the copartnership was not only the owner of the land on which the mortgage was given to secure the note, but was also the owner of the land in the state of New Mexico, of which the title to an undivided two-thirds was vested in H. C. Day and Alice E. Day, and the other one-third vested in the defendants; that the copartnership was the owner of large herds of cattle, horses, mules, and other livestock and a large amount of ranch equipment, etc., and that the title thereto was held by H. C. Day in his own name for the use and benefit of the copartnership; that the defendants were indebted to H. C. Day on account of their purchase of said copartnership interest; that promissory notes were given for such purchase price secured by mortgages upon their interest in said real estate and by their interest in the personal property of said copartnership; that it was agreed that the indebt-

edness of the defendants to H. C. Day should be paid solely from the profits and income of the copartnership; that, in pursuance of their agreement, the defendants devoted their entire time to the management and operation of the copartnership; it was also alleged that the value of the copartnership increased until it was approximately $450,000; that on December 17, 1919, H. C. Day transferred his interest in the copartnership to Alice E. Day, and that on that day she entered into the partnership agreement for the continuation of the business; that it was in pursuance of this arrangement that the defendants executed the note secured by mortgage; it was alleged that on December 17, 1919, the value of the partnership property was about $400,-000; that the partnership continued up to the death of Alice E. Day on September 15, 1926; that on the death of Alice E. Day the surviving partners undertook to settle the affairs of the copartnership in accordance with the law of Arizona (paragraph 970, Rev. Stat. Ariz. 1913, Civ. Code); that on November 18, 1926, plaintiff proposed that he would take over and liquidate the affairs of the copartnership, and, in pursuance of this request, the surviving copartners waived their right to administer the affairs of the copartnership and surrendered the possession of the copartnership property to the plaintiff; that plaintiff, after taking possession of said property in pursuance of said waiver and agreement of the surviving partners, violated his agreement in that he continued to operate the property of the copartnership as a going concern solely for his own use and benefit as executor; that on December 6, 1927, they demanded an accounting of the affairs and business of the copartnership, which demand was refused; that during the fall of 1927 the copartnership owned 6,000 head of cattle which could be sold in open market at $45 per head; "and that if plaintiff had sold and liquidated sufficient of said livestock during the fall of 1927, as demanded by these defendants, and in accordance with the terms of his agreement aforesaid, the proceeds thereof would have paid all of the copartnership indebtedness, and the interest of these defendants in the balance would have paid and discharged the promissory note set forth in plaintiff's bill of complaint, and afforded a balance for these defendants of approximately $50,000.00;" the defendants prayed that plaintiff take nothing by its bill of complaint, that it be decreed that the defendants are entitled to a full and complete accounting by plaintiff of said copartnership

affairs and the interests of the defendants in said copartnership, and for costs and general relief.

In the plaintiff's reply to the answer he alleged that the copartnership terminated December 17, 1924, and thereafter, the defendants Foster continued in possession as the agents of the decedent. On May 29, 1929, an interlocutory decree for an accounting was entered requiring the special master to state an account between the estates of Alice E. Day and plaintiff as executor thereof, and the defendants S. A. Foster and Walter Foster, growing out of the partnership of Day & Foster, and requiring the master to find the value of the partnership holdings of Day & Foster as of December 15, 1919, and September 15, 1926, and also as of the date of the report of the special master, and as of the date of the defendants' demand from plaintiff for an accounting of the administration, and that the "Special Master shall also state an accounting between the parties hereto as to any and all transactions had subsequent to November 18th, 1926." The special master proceeded to take evidence in accordance with the order of the court of May 29, 1929, and after nearly two years, to wit, on April 25, 1931, the special master resigned and was succeeded by the court reporter who, at the instance of the parties, was appointed special master to report in accordance with the original order. This report was excepted to, and, after a hearing, the respondent rendered a decision dated June 7, 1932, wherein certain modifications not material herein were made.

The petition herein alleges that the approval by the court of the special master's report indicates that the court proposes by its decree to exceed its jurisdiction in the following particular:

"(a) By its decree the court will take from the possession of an executor duly and regularly appointed by a state court in probate, the possession and control of certain physical assets upon which that estate has a lien as security for the repayment of money, said lien being created and reserved under the partnership agreement hereinabove referred to, and said executor, the above-named plaintiff and petitioner herein, being a pledgee in possession.

"(b) The court will, by its decree, attempt to determine matters outside the issues, to-wit, without any pleadings therefor, to adjudicate, determine, and enforce by strict foreclosure a pretended lien on behalf of the defendants, in the sum in excess of $65,000.00,

under conclusion of law number IX of Exhibit F hereof, and conclusions of law VII and VIII as to the judgment to run against plaintiff, as executor of the estate of Alice E. Day, deceased.

"(c) That such decree will seek to create and enforce the pretended lien mentioned in the preceding paragraph upon lands located outside the jurisdiction of the Arizona Federal Court, to-wit, upon lands located in the state of New Mexico, as will appear by amended finding XLVI in Exhibit G hereto attached.

"(d) That by its decree the court will render a judgment against the estate of a deceased person upon a pretended indebtedness which has arisen subsequent to the death of the decedent, and not based upon any contract or obligation existing prior to the death of the decedent, but on a pretended claim which could only run against the executor individually, and not against him in his representative capacity as executor of the estate.

"(e) That by its decree the court will, in advance of, and without liquidation of the partnership assets, compel an estate of a deceased person to pay in cash the share of the other copartners, and thereby make such estate the involuntary purchaser of unliquidated property and assets of a copartnership in which it is interested."

Petitioner alleges that the "remedy by appeal from the judgment proposed is neither speedy nor adequate in that by the entry of the decree under the findings and conclusions above mentioned, the damage would be done and even though a supersedeas were obtained, great and irreparable damage would result and be sustained.

"That such proposed judgment or decree, even pending an appeal therefrom would make it impossible to sell the assets if a favorable opportunity should arise while the appeal were pending; that the assets consist of cattle and other livestock, with a fluctuating market, and all these might be entirely valueless by the time the appeal was determined.

"That the care and maintenance of said cattle and livestock involves the expenditure of at least $15,000 per year, and that in event such decree were entered no funds for the care or maintenance of said cattle or livestock can be made available without the consent of the surviving copartners."

That the court had jurisdiction of the parties and the subject-matter of the litigation, to wit, the settlement of the affairs of the copartnership, is clear. The petitioner's main complaint is that instead of foreclosing the mortgage belonging to the decedent, the opinion of the trial court indicates that the judgment will be based upon an alleged conversion by the executor of the interests of the defendants in the copartnership, and that, by declaring the lien upon the copartnership assets in favor of the surviving partners, the court has gone beyond the issues in the pleadings. It is clear, and the petitioner does not deny, that there is a remedy for any such error committed by the trial court by an appeal to this court, and the petitioner's application for writ of prohibition in lieu of an appeal is predicated upon the proposition that irremediable damage will result from awaiting the termination of the matter upon appeal. In view of the subject-matter of the litigation it is obvious that the intervention of this court at this stage of the case in the lower court by a writ of prohibition would result in great confusion in the determination of the rights of the parties. We are asked by the petition to prohibit the trial judge from entering a certain kind of judgment without indicating to him the character of judgment he should render.

Respondent contends that, where there is a right of appeal, this court has no power to grant a writ of prohibition, citing Ex parte Oklahoma, 220 U. S. 198, 31 S. Ct. 426, 55 L. Ed. 431; Ex parte Tiffany, 252 U. S. 32, 40 S. Ct. 239, 64 L. Ed. 443; Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355; In re Rice, 155 U. S. 396, 15 S. Ct. 149, 39 L. Ed. 198; that in any event petitioner discloses no objection to the jurisdiction of the trial court, either at the outset or elsewhere, and no exception to the jurisdiction of the court, citing In re Chicago, R. I., etc., 255 U. S. 273, 275, 41 S. Ct. 288, 65 L. Ed. 631, and Hammond Lumber Company v. United States District Court, for District of Oregon (C. C. A.) 240 F. 924; In re Eastman Kodak Co. (C. C. A.) 48 F.(2d) 125; he also contends that the petitioner not only failed to object to the jurisdiction of the trial court or take any exception thereto but that, on the contrary, for more than three years, participated without objection or exception to a partnership accounting.

In view of our conclusion that petitioner failed to show that the remedy by appeal would not be adequate under all the facts and circumstances disclosed, we deem it unnecessary to enter into a discussion of the powers of this court to issue writ of prohibi-

tion where an appeal might be considered to be an inadequate remedy.

We do not wish to be understood as expressing any opinion whatever upon the merits of the controversy between the parties in the trial court or upon the question as to whether or not the trial court has committed an error. These questions are not germane to the petitioner's application for writ of prohibition.

Application for writ denied, proceedings dismissed with costs to respondent.