In re PETITION OF UNITED STATES FOR WRIT OF PROHIBITION DIRECTED TO BOURQUIN.
No. 6782.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1934.

James H. Baldwin, U. S. Atty., of Butte, Mont., Sam D. Goza, Jr., Asst. U. S. Atty., of Helena, Mont., and Kenneth R. L. Simmons, Dist. Counsel, U. S. Department of Interior, of Billings, Mont., for petitioners.

Elmer E. Hershey, of Missoula, Mont., for respondents.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is a petition by the United States of America for a writ of prohibition directed to the Honorable George M. Bourquin,

Judge of the United States District Court for the District of Montana, and the United States District Court for the District of Montana.

After our decision in the case of Moody v. Johnston, 66 F.(2d) 999, Tom Dwyer and fifteen other plaintiffs in suits pending in the United States District Court for said district, filed in said court amended bills of complaint adding as parties in said suits the United States of America and Harold L. Ickes, Secretary of the Interior of the United States. The complaints as amended attempt to state a cause of action against the United States under the Act of May 17, 1898 (30 Stat. 416, 28 USCA § 41 (25) and § 766), entitled "An Act to confer jurisdiction upon the circuit [now district] courts in certain cases." That act is as follows:

"Be it enacted, * * * That the several circuit courts of the United States shall have jurisdiction of suits in equity brought by any tenant in common or joint tenant for the partition of lands in cases where the United States is one of such tenants in common or joint tenants, such suit to be brought in the circuit court of the district in which such land is situate.

"Sec. 2. That when such suit is brought by any person owning an undivided interest in such land, other than the United States, against the United States alone or against the United States and any other of such owners, service shall be made on the United States by causing a copy of the bill filed to be served upon the district attorney of · the district wherein the suit is brought, and by mailing a copy of the same by registered letter to the Attorney-General of the United States; and the complainant in such bill shall file with the clerk of the court in which such bill is filed an affidavit of such service and of the mailing of such letter. It shall be the duty of the district attorney upon whom service of the bill is made as aforesaid to appear and defend the interests of the Government, and within sixty days after service upon him as hereinabove prescribed, unless the time shall be enlarged by order of the court made in the case, to file a plea, answer, or demurrer on the part of the Government, and the cause shall proceed as other cases for partition by courts of equity, and in making such partition the court shall· be governed by the same principles of equity that control courts of equity in partition proceedings between private persons. Whenever in such suit the court shall order a sale of the property or any part thereof

the Attorney-General of the United States may, in his discretion, bid for the same in behalf of the United States. If the United States shall be the purchaser, the amount of the purchase money shall be paid from the Treasury of the United States upon a warrant drawn by the Secretary of the Treasury on the requisition of the Attorney-General."

Plaintiff Dwyer claims to be the owner in fee of certain lands located within the Flathead Indian Reservation and of eighty inches of the waters of Finley creek, for the irrigation of said lands. The complaint alleges that in the years 1927 and 1928 the defendant C. J. Moody, claiming to act as the manager of the Flathead Reclamation Project and pretending to act under some law authorizing him so to do, interfered with the free flow of water to plaintiff's land and dammed up and diverted away from plaintiff's ditches and attempted to deprive plaintiff of the use of said water upon his land for irrigation purposes; that said defendant Moody's interference with plaintiff's property and depriving plaintiff of the use of the waters thereon is without right and authority and there is no law authorizing him to interfere with plaintiff's use and enjoyment of his property; in any way or capacity, whatsoever, and in so acting said defendant Moody was and is a mere trespasser upon plaintiff's property and is personally responsible for his acts, and his employment by the United States, if he is so employed, will not protect him in such acts; "that the United States of America, defendant herein, claims some proprietary interest in the lands upon said reservation and in the waters flowing thereon, but that such proprietary interest, if any, does not include the lands and water rights of this plaintiff, and said defendant, the United States, has no interest lien or claim or ownership of any kind whatsoever in or to the property of this plaintiff herein described; that if the United States has any proprietary interest in the ditch dug in 1893, and the waters flowing therein, which this plaintiff denies, such interest would be a joint interest with this plaintiff, and plaintiff asks that the interest of this plaintiff be partitioned, and that this plaintiff be held to be the owner for a beneficial use of the waters in said ditch flowing from Finley Creek, to the extent of eighty inches or two cubic feet of water per second for the proper irrigation of the lands of plaintiff herein described."

The plaintiff prays "that the defendant, the United States of America, be required to set forth any proprietary interest the United

States may have, if any, to the ditch dug in 1893, and the waters flowing therein and that if an interest is claimed plaintiff's rights as herein set forth may be partitioned, fixed and separated and established and that said defendants and each of them be enjoined and restrained from interfering with the rights of plaintiff as so found and that plaintiff be given the right to sufficient water for the proper irrigation of his land and other beneficial use thereon to the extent of eighty inches of water or two cubic feet of water per second of said waters and that plaintiff have such other and further relief in the premises as may to the Court seem meet and in accordance with equity and good conscience and for costs of suit." Similar amended complaints were filed by the plaintiffs in the fifteen other pending cases.

After the filing of said amended complaints, a special appearance was entered in said causes by the United States of America for the sole purpose of objecting to the jurisdiction of the court, upon the ground that the United States of America cannot be sued without its consent and in this action has not consented to be sued. Such special appearance and objection to the jurisdiction was by the court overruled, which was followed by this petition for writ of prohibition.

Petitioner alleges "that your petitioner has no plain, speedy or adequate remedy in the ordinary course of law," and prays:

"That this Court by proper order or writ require the District Court of the United States for the District of Montana and the Honorable George M. Bourquin, one of the Judges thereof, to appear before this Honorable Court on a day certain then and there to show cause, if any there be, why the said District Court and the said Judge thereof, should not be absolutely restrained and prohibited from taking any further proceedings in said above-entitled causes as against the United States except to dismiss the same."

We think the petition should be denied. The suits therein referred to have never been before this court, and we are of the opinion that we should not interfere with their orderly progress in the lower court. We express no opinion as to the sufficiency of the amended complaints to state a cause of action against the United States under the Act of May 17, 1898, supra, or under any other law. Nor do we express any opinion on the jurisdictional question involved. We think the suits should take the usual course.

The principles applicable to the issuance of a writ of prohibition have been clearly stated by the Supreme Court in numerous cases. In the case of In re New York & P. R. Steamship Co., 155 U. S. 523, 531, 15 S. Ct. 183, 186, 39 L. Ed. 246, the court said:

"We have recently thus stated the principles applicable to the issue of the writ of prohibition, in Re Rice [155 U. S. 396], 15 S. Ct. 149 [39 L. Ed. 198]: 'Where it appears that the court whose action is sought to be prohibited has clearly no jurisdiction of the cause originally, or of some collateral matter arising therein, a party who has objected to the jurisdiction at the outset, and has no other remedy, is entitled to a writ of prohibition, as a matter of right. But where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court is doubtful, or depends on facts which are not made matter of record, or where the application is made by a stranger, the granting or refusal of the writ is discretionary. Nor is the granting of the writ obligatory where the case has gone to sentence, and the want of jurisdiction does not appear upon the face of the proceedings. [Citing cases.]'

"Without reviewing the action of the district court on its merits, it certainly cannot be said that that court was clearly without jurisdiction, or that petitioners were without other remedy, for, in the event of a decree against them, they could appeal directly to this court on the question of jurisdiction, or to the circuit court of appeals upon the whole case, and that court might certify the question to this court for decision. [Citing cases.]"

And again, in the case of Ex parte Tiffany, 252 U. S. 32, 37, 40 S. Ct. 239, 241, 64 L. Ed. 443:

"It is well settled that where a party has the right to a writ of error or appeal, resort may not be had to the extraordinary writ of mandamus or prohibition."

See, also, In re Eastman Kodak Co. (C. C. A. 3) 48 F.(2d) 125.

Petition denied.