**GRAND TRUNK WESTERN R. CO. et al. v. McHIE.**

**No. 7534.**

Circuit Court of Appeals, Sixth Circuit.

Nov. 14, 1938.

William W. Macpherson, of Detroit, Mich. (Victor Spike and William W. Macpherson, both of Detroit, Mich., on the brief), for appellants.

Felix M. Buoscio, of Chicago, Ill. (Felix M. Buoscio, of Chicago, Ill., and Earle D. Sullivan, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

In so far as it relates to the present controversy the case is this:

Appellee brought suit for damages against appellants, Grand Trunk Western Railroad Company, Herbert Edward Block and five other defendants. Appellants moved to dismiss the action upon three grounds:

(1) That they had been released and discharged of all liability.

(2) That appellee's claims against them had been adjudicated in a prior suit; and

(3) That before the commencement of her suit she had been adjudged a person of unsound mind and a committee of her person and estate had been appointed and was still acting and that neither this committee nor any next friend of appellee were parties plaintiff.

This appeal is from an order denying the motion to dismiss, and we are without jurisdiction to entertain it. In this character of case, we are limited to a review of a final decision only. Title 28, Sec. 225(a) U.S.C., 28 U.S.C.A. § 225(a); Ex parte Tiffany, 252 U.S. 32, 34, 40 S.Ct. 239, 240, 64 L.Ed. 443; Heike v. U. S., 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821. A final decision is one which disposes of the whole case on its merits; or, put in another way, which determines all points in litigation between the parties. Bostwick v. Brinkerhoff, 106 U.S. 3, 1 S.Ct. 15, 27 L.Ed. 73; Dainese v. Kendall, 119 U.S. 53, 7 S.Ct. 65, 30 L.Ed. 305; Maas v. Lonstorf, 6 Cir., 166 F. 41, 43; Cunningham v. Rodgers, 9 Cir., 171 F. 835; Sheppy v. Stevens, 2 Cir., 200 F. 946; Morgan v. Thompson, 8 Cir., 124 F. 203; France & Canada S. S. Corp. v. French Republic, 2 Cir., 285 F. 290, 293.

Tested by the authorities, it is manifest that there was no final judgment. There was no judgment at all as to the defendants who did not join in the motion; and as to appellants who did, there was no adjudication except the denial of the motion. Cases almost directly in point are: Robinson v. Belt, 8 Cir., 56 F. 328; Atlantic Coast Line R. Co. v. Winn, 5 Cir., 227 F. 50; and Crooker v. Knudsen, 9 Cir., 232 F. 857.

The appeal is dismissed.