**TURNBULL et al. v. UNITED STATES.**

No. 9500.

Circuit Court of Appeals, Sixth Circuit.

Nov. 29, 1943.

John B. Poole, of Detroit, Mich. (Palmer, Aldrich & McMath and John B. Poole, all of Detroit, Mich., on the brief), for appellants.

Vernon L. Wilkinson, of Washington, D. C. (Norman M. Littell, of Washington, D. C., John C. Lehr, of Detroit, Mich., and Vernon L. Wilkinson, of Washington, D. C., on the brief), for appellee.

Before HICKS, SIMONS, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

Appellants owned 17.3845 acres of land located in Detroit, and on June 20, 1941, they executed an "Offer of Sale" thereof to appellee, United States of America, at a price of $3,150 per acre or $54,761.17. Paragraph 6 of the offer contained the following provisions: "6. In the event that the Government considers it necessary or advantageous to its interests to have the land acquired through condemnation proceedings, the seller agrees that the price stated in Paragraph 2, which he hereby declares to be the fair market value of the land inclusive of every interest therein not expressly excepted in Paragraph 1 hereof, shall be the full and just compensation payable by the Government for the taking of the land, and that any and all awards of just compensation to any and all other parties shall be payable and deductible from said sum. The seller further agrees in the event of the institution of condemnation proceedings that this offer and the acceptance thereof shall constitute and be a stipulation which may be filed in such condemnation proceedings fixing the fair market value and just compensation to be paid for the taking thereof in the amount of the contract price herein set forth."

The offer was accepted, but instead of taking title directly from appellants, the appellee, as contemplated in paragraph 6, instituted condemnation proceedings in the District Court to acquire the land which was needed for defense housing purposes. These proceedings were accompanied by a Declaration of Taking under the provisions of the Declaration of Taking Act of February 26, 1931, Ch. 307, 46 Stat. 1421, 40 U.S.C.A. §§ 258a–258e; and appellee deposited the $54,761.17 in the Registry of the Court as estimated just compensation.

The Court entered a judgment on the declaration of taking which vested the fee title to the land in appellee and decreed that "the right to just compensation for the property so taken is vested in the persons entitled thereto; and the amount of such just compensation shall be ascertained and awarded in this proceeding and established by judgment herein pursuant to law."

On December 20, 1941, appellants sought to have the deposit paid to them forthwith as compensation for the property, the ap-

plication being based upon the accepted offer of sale.

On December 29th following, appellee filed what is styled an "Amendment of Declaration of Taking" in which it averred that the estimate contained in the original declaration was erroneous and that the revised estimate of just compensation was $34,769.

The court considered appellants' motion for immediate payment in connection with appellee's amended declaration of taking and concluded that a question of law was thus presented which needed further consideration but ordered that a partial disbursement should at once be made to appellants.

Later appellee filed what is styled a "Petition for Refund" which set forth that the original estimate was a mistake, based upon appraisals which grossly overvalued the land and that the new estimate set forth in the amended declaration of taking represented the real value and the petition sought to have the difference, to wit, $19,-992.70, refunded to the Treasury.

On October 22, 1942, the court allowed the amendment to the declaration of taking and adjudged that the estimated value of the land should be considered to be $34,769, as of the date of the original deposit, and directed a refund to the Treasury as prayed for in appellee's petition. The court further ordered that "the remaining issues herein shall be placed upon my docket of cases for immediate trial."

■ Appellants undertook to appeal from this order of October 22nd and a primary question is, whether the order was appealable. We think it was not. We are limited to a review of a final decision only [Title 28, Sec. 225(a), U.S.C.A.] and a final decision is one which disposes of the whole case on its merits, or, stated in another form, which determines all points in litigation between the parties. Ex parte Tiffany, 252 U.S. 32, 34, 40 S.Ct. 239, 64 L.Ed. 443; Heike v. United States, 217 U.S. 423, 429, 30 S.Ct. 539, 54 L.Ed. 821; Grand Trunk Western R. Co. v. McHie, 6 Cir., 100 F.2d 86.

■ The order sought to be reviewed goes no further than to permit appellee to amend its declaration of taking by substituting as estimated compensation a lesser sum than that set out in the original declaration, and to allow a refund for the difference. Such an order was upheld in United States v. 1,997.66 Acres of Land, 8 Cir., 137 F.2d 8.

In the normal condemnation proceeding the amount deposited with the court when the declaration of taking is filed, is, simply, an estimated amount "on account of" compensation. In United States v. Miller, 317 U.S. 369, 381, 63 S.Ct. 276, 284, 87 L.Ed. 336, it was said: "The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; * * *." It is clear enough that in such a case the estimated amount of just compensation, made in good faith, whether of one sum or another, is not binding upon the parties. In the Miller case, supra, at page 381 of 317 U.S., at page 283 of 63 S.Ct., 87 L.Ed. 336, it was said: "The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest."

But the contention is that we are not dealing with a normal or ordinary condemnation case,—that here, by virtue of paragraph 6 of the accepted offer of sale, the original deposit constituted the contract price for the land; that appellee was bound by its contract and was therefore barred from offering an amendment to its declaration of taking which carried any lesser estimate, and that the court, in view of the contract, was in error in allowing the amendment and in ordering a refund of any portion of the original estimate. This contention falls short, however, of converting the order of October 22nd into an appealable order. It simply presented, in connection with appellee's counter-contention that the contract price was arrived at through grossly overvalued appraisals, issues to be determined by the court in fixing the compensation to be ultimately awarded. We gather from the record that these issues were apparent to the court because it said in its "order for partial disbursement, * * *" entered December 30, 1941, that "a legal question is properly presented which will need further consideration by Court and Counsel * * *;" and because it retained "these issues" upon the court's docket for immediate trial.

We are not called upon to decide the question thus presented because it has not been decided by the District Court. We are limited to a review of final decisions only and there has been no final decision upon

the merits and no ultimate award of compensation. The appeal was taken before important points in the litigation were determined and the case may not come to us piecemeal. Luxton v. North River Bridge Co., 147 U.S. 337, 341, 13 S.Ct. 356, 37 L. Ed. 194. It is proper to state that a motion to dismiss the appeal was presented before the hearing and was continued thereto.

The result is that the appeal must be and is dismissed.