## KUMMER v. UNITED STATES et al.
### No. 9761.

Circuit Court of Appeals, Sixth Circuit.

March 19, 1945.

Joseph A. Cassese, of Detroit, Mich., for appellant.

Joseph M. LeMense, of Washington, D. C., for appellees.

John C. Lehr and Francis X. Norris, both of Detroit, Mich., and Francis M. Shea, Wilbur C. Pickett, and Fendall Marbury, all of Washington, D. C., on the brief, for appellee United States.

Stanley L. Fildew and Edward G. De-Gree, both of Detroit, Mich., on the brief, for appellee Ruth Johnson Clardy.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Frank A. Rohde, a World War veteran, procured war risk insurance in the sum of $10,000 and designated Frank A. Rohde, Sr., his father, as beneficiary. He filed a suit upon the policy in a District Court of Arkansas and recovered a judgment against the Government for the face of the policy, payable in monthly instalments. He died on September 7, 1934, at Hot Springs, Ark., and payments were stopped, leaving upwards of $2987 unpaid.

This action was brought in equity in the District Court of the Eastern District of Michigan, Southern Division, by appellant, Cecilia Kummer, individually and as administratrix of the estate of the deceased against appellee, United States, and appellee, Ruth Johnson Clardy, executrix of the estate of the deceased.

The complaint alleged that after the rendition of the judgment, the original beneficiary having died, the deceased attempted to change the beneficiary to appellee, Clardy, who was not related to deceased, and that the attempted change was rejected by the Government on the ground that Clardy was not within the permitted class; that Mrs. Clardy claimed that the veteran made a will designating her as executrix and constituted her the sole legatee of his estate, including the balance due on the judgment; that she presented the alleged will to the Probate Court of Garland County, Ark., and that upon the false allegation that the veteran was domiciled in Garland County at the time of his death, the court admitted the will to probate and appointed Mrs. Clardy as executrix thereof; that she thereupon presented a copy of the will to the Veterans Bureau which held that if Arkansas was the domicile of the deceased at the time of his death, she, as executrix, should be allowed to collect the balance of the judgment for her own benefit.

The complaint alleged that the veteran was afflicted with arthritis and as a result was crippled and an invalid; that he was from time to time sent by the Government to various hospitals and health resorts, and finally to Hot Springs, Ark., to obtain the benefits of treatments there; that his stay in that State was only temporary and that his home, relatives and interests were in Detroit, and that he never intended to surrender his Michigan domicile, where he intended to return when and if cured.

On October 1, 1935, appellant Kummer, a sister of deceased, was appointed administratrix of his estate by a probate court of Wayne County, Michigan, upon the ground that Michigan was the domicile of deceased at the time of his death, and she claimed in the complaint that as such administratrix payment should be made to her of the balance due upon the judgment; that she filed her claim with the Veterans Bureau and was advised by the Director that it had been denied; that payment to her had been refused because of the conflicting claims of herself as administratrix and of appellee, Clardy, as executrix; that a disagreement existed as contemplated within the provisions of Sec. 19, World War Veterans Act, with its amendments, and that her suit was filed within the time limit as required by law.

She prayed, (1) that appellee, United States, be temporarily enjoined from making payment to appellee, Clardy, either individually or as executrix; (2) that the court decree that appellant, as the administratrix of the estate of the deceased, is the proper person to whom payment should be made; that upon the final hearing the appellee, the United States, be required by mandatory injunction to make payment of the balance due to her as administratrix; and (3) that appellee, the United States, be enjoined from making any payment to appellee, Clardy, and that Mrs. Clardy be forever restrained from receiving or attempting to receive any payment on the judgment.

Appellee, Clardy, was brought before the court by an order of publication as provided by Title 38 U.S.C.A. § 445. She was also served personally with the order of publication by registered mail, for which she executed a receipt on May 9, 1941. She did not appear or answer by June 24, 1941, as she was required to do by the order of publication, and on October 8, 1941, her default was entered by the Clerk of the court.

On July 21, 1941, the Government filed its answer and sought by motion to dismiss the complaint upon the ground that no disagreement existed between it and appellant Kummer. On September 24, 1942, this motion was denied.

On December 24, 1942, appellee, the United States, amended its answer by inserting as a "counterclaim for interpleader" that by reason of the conflicting claims of appellant, Kummer, individually and as administratrix, and of appellee, Clardy, individually and as executrix, a substantial question existed as to which party was entitled to receive the balance of the payments under the judgment and it was therefore essential that appellee, Clardy, individually and as executrix, should be made a party in order that the court might determine which of said parties was the lawful claimant, and that appellee, the United States, would not be subjected to double liability.

On January 28, 1943, appellee, Clardy, filed her motion to set aside the default entered against her and to allow her to appear and plead, and on February 1, 1943, appellee, the United States, moved to make appellee, Clardy, a party defendant. Both of these motions were denied on February 12, 1943; but upon reconsideration, were granted by appropriate orders on March 22, 1943, following which, the default entry against appellee, Clardy, was set aside and she was allowed to plead.

From these orders of March 22, 1943, this appeal was taken.

■ First, as to the allowance of the Government's motion to make Clardy a party defendant to its counterclaim. The action of the court in this particular had its basis in the War Risk Insurance Act as amended, Title 38 U.S.C.A., § 445, and in Rule 22 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Appellant's complaint is that the allowance of the motion was erroneous because appellee, Clardy, was already a party defendant to the suit. Appellant's obstacle is that Clardy had never been made a party to the Government's counterclaim in the nature of interpleader; but, all this to one side, we are without jurisdiction to entertain the appeal. Making Mrs. Clardy a

party defendant to the Government's counterclaim obviously did not dispose of the case on the merits as between the Government, upon the one hand, and Kummer and Clardy, upon the other. It did not determine the litigation between the parties and we are limited to a review of final decisions only. Grand Trunk Western R. Co. v. McHie, 6 Cir., 100 F.2d 86.

Second, as to the allowance of Clardy's motion to set aside the default entered against her. The Clerk made this entry upon the authority of Rule 55(a) of the Rules of Civil Procedure, and by Rule 55(c), the court was authorized to set it aside for good cause shown. Appellant's contention is, that the court was without power to set it aside because the motion to that end was not made within six months after it was entered, as provided by Rule 60(b). On the other hand, appellees contend that by Rule 6(b), the court could enlarge the time beyond the six months' period within which appellee, Clardy, could appear and defend where her failure to act in time was the result of excusable neglect. We may not determine which, if either, of these contentions is correct, nor whether the court set aside the default in the exercise of judicial discretion. The order setting aside the default against Clardy and allowing her to plead was procedural only, and did not dispose of the case on its merits or determine the litigation between the parties. It was not appealable. See Grand Trunk, etc., R. Co. v. McHie, supra, and cases there cited; see also Beighle v. Le-Roy, 3 Cir., 94 F.2d 30; Mitchell v. Mason, 5 Cir., 4 F.2d 705.

In Maas v. Lonstorf, 6 Cir., 166 F. 41, 43, 45, we said:

"The law intends that there shall be but one appeal, and that that appeal shall be taken only when all the matters in litigation shall have been determined. The plain object of this limitation is to save the litigants the delay and expense of more than one appeal, and to save the appellate courts the necessity of having two or more appeals when all the matters might have been heard upon one."

At the hearing, the Government moved to supplement the record by adding thereto the complaint and the order of default. The motion was granted and the record is treated by us as so amended and a formal order will be entered to that effect.

The appeal is dismissed.