**AMERICAN SMELTING AND REFIN-ING COMPANY, Plaintiff-Appellee,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL-CIO, et al., Defendants-Appellants.**

**No. 12651.**

United States Court of Appeals
Seventh Circuit.
Nov. 16, 1959.

Abraham W. Brussell, Chicago, Ill., David Cohen, East Chicago, Ind., William Rentfro, Denver, Colo., for appellants, Gilbert Cornfield, Chicago, Ill., of counsel.

Matthew E. Murray, Chicago, Ill., Francis J. Galvin, Hammond, Ind., Walter L. Adams, Chicago, Ill., for plaintiff-appellee, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Galvin, Galvin & Leeney, Hammond, Ind., of counsel.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff commenced this action on December 30, 1958, seeking damages of $65,000 for alleged breach of agreement. The defendants are the United Steel-workers of America, AFL-CIO, an International Labor Union (International), and Local 1936 of the International, a local labor union (Local). Plaintiff also joined as defendants, certain officers and members of the Local.

The specific breach claimed by plaintiff was a work stoppage during the week of December 8, 1958 which plaintiff claims was in violation of the "no-strike" clause in the Collective Bargaining Agreement existing on that date. Defendants filed a motion to stay the action, and alternative motions to dismiss the action, strike the complaint or make the complaint more definite and certain. On April 6, 1959, the District Court, by order, denied all of defendants' motions. Defendants appealed from said order.

The individual defendants are employees of the Federated Metals Division of the plaintiff in the Division's plant in Hammond, Indiana. On December 5, 1958, two of the employees in the brass department were given warning slips and a one-day suspension for refusing to work overtime. On the afternoon of December 5, the President of Local and two grievance committeemen protested such action to the plant manager. The manager said if the employees felt they had a legitimate grievance, it should be presented at the regularly scheduled meeting of the company and the grievance committee to be held on December 19, 1958. The president of Local insisted the grievance must be discussed immediately, but the plant manager continued to refuse to discuss the grievance prior to December 19, 1958, and ordered the union officials to leave his office.

On December 8, the Local grievance committee arranged to meet in the sub-district office of International to discuss plaintiff's refusal to process the grievance. Local's president and one member of the grievance committee obtained permission to attend this meeting. Three other union officials accompanied them to the meeting although the plant manager had refused to grant them permission to leave work. Local claims these three were also members of the grievance com-

mittee. The meeting lasted about an hour and a half. When the Local president and the other union officers returned to the plant, the guard would permit only the president and grievance committeeman Thomas to reenter. He specifically refused entry to the other three. Subsequently, two of the three men were given disciplinary lay-offs and the third man was discharged. The work stoppage occurred about 1 p. m. on December 8, 1958, and continued for about one week.

Local's officers proceeded to process the grievances. An impasse developed, and the parties agreed to submit the dispute to an impartial arbitrator pursuant to Article X of the Collective Bargaining Agreement. It was during the period when the parties were selecting an arbitrator that plaintiff commenced this lawsuit. Plaintiff charged International and Local with equal responsibility because of the alleged actions of the individual defendants as agents of International and of Local. Plaintiff's claim for damages is predicated on Sec. 301 of the Labor Management Relations Act, 1947 (Taft-Hartley) ; 29 U.S.C.A. § 185. Plaintiff claims the court has jurisdiction as to the individual defendants based upon diversity of citizenship.

Plaintiff moved that the appeal be dismissed on two grounds: 1) the order denying a motion to stay action pending arbitration has been rendered moot by an award of the arbitrator dated May 26, 1959; and 2) the orders of the Court denying a motion to dismiss, denying a motion to strike, and denying the motion to make the complaint more definite and certain, are not final appealable decisions of the District Court. The motion to dismiss was denied without prejudice to renew same at the time of the oral argument of this case upon the merits. The motion to dismiss has been renewed.

■ The order denying defendants' motion to stay pending arbitration does not constitute a final order. However, there is authority that such an order is appealable under 28 U.S.C.A. § 1292. See Cuneo Press, Inc. v. Kokomo Paper Handlers' Union, 7 Cir., 235 F.2d 108. However, we do not reach the question as the issue has now become moot. The arbitration for which defendants demanded a stay has been accomplished. Whether an order denying such a stay is appealable becomes academic upon the issuance of an award by the arbitrator. There is no longer pending any arbitration for which a stay could be granted.

■ Under 28 U.S.C.A. § 1291, this Court has jurisdiction of appeals from final decisions of the District Court. A final and appealable adjudication is one which involves a determination of a substantial right against a party in such a manner that he has no further adequate relief. Ex parte Tiffany, 252 U.S. 32, 40 S.Ct. 239, 64 L.Ed. 443. Congress has long expressed a policy against piecemeal appeals. Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 178, 75 S.Ct. 249, 99 L.Ed. 233.

■ An order denying a motion to dismiss is not a final decision. United States v. Geisler, 7 Cir., 174 F.2d 992. Neither is an order denying a motion to strike as to certain defendants. Grand Trunk Western R. Co. v. McHie, 6 Cir., 100 F.2d 86. It is also clear that an order denying a motion to make a complaint more definite and certain is not appealable.

This is a case where the merits should be considered by us only after a full hearing by the District Court. We should have the benefit of Findings of Fact and Conclusions of Law by the trial court. To grant the request of defendants would, in effect, result in our giving an advisory opinion on certain of the issues. This we shall not do.

The motion to dismiss the appeal is granted.

Appeal dismissed.