ALUMINUM COMPANY OF AMERICA,
Appellant,

v.

Sam H. LOVEDAY et al., Appellees.

No. 13782.

United States Court of Appeals
Sixth Circuit.

Dec. 31, 1959.

R. R. Kramer, Knoxville, Tenn., John H. Morgan, Frank L. Seamans and William H. Eckert, Pittsburgh, Pa., Gaines A. Tyler, Jr., R. Arnold Kramer, Knoxville, Tenn., on brief, for appellant.

John P. Davis, Jr., Knoxville, Tenn., Fred H. Henry, Maryville, Tenn., Richard L. Carson and J. H. Doughty, of Hodges, Doughty & Carson, Knoxville, Tenn., on brief, for appellees.

Before McALLISTER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

PER CURIAM.

In this protracted litigation in the Eastern District of Tennessee, the trial judge granted the motions for new trial of certain plaintiffs whose cattle had been injured and whose property had been damaged from injurious gases sent forth from the plant of appellant, Aluminum Company of America. The correctness of the action of the trial judge is challenged by direct appeal and, in the alternative, by petition for writ of certiorari.

The principal reason for granting a new trial by the district court was based on affidavits and testimony of jurors regarding remarks of one of the jurors concerning his personal observation of cattle: that, during the trial, he had visited the critical area, viewed the cattle, and had returned to the jury room and reported to his fellow jurors, in substance, that the cattle were about the best looking he had seen in a long time. The United States District Judge expressed the opinion and made a finding that the conduct of the juror had preju-

diced the claims of the plaintiffs in the minds of some of the jurors.

The appellees contend that the order from which the appeal was taken is not a final order and, therefore, is not appealable; that this court has no jurisdiction to hear the appeal, nor to grant the writ of certiorari for which the appellant prays; and that the district court had full authority and jurisdiction to act upon and grant the motions for new trial. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 513; Turnbull v. United States, 6 Cir., 139 F.2d 126; Borg-Warner Corporation v. Whitney, 6 Cir., 121 F.2d 444; Gillespie v. Schram, 6 Cir., 108 F.2d 39; Grand Trunk Western R. Co. v. McHie, 6 Cir., 100 F.2d 86.

 It is well settled that an appeal does not lie from an order granting a new trial. Ford Motor Co. v. Busam Motor Sales, Inc., 6 Cir., 185 F.2d 531, 533, citing authorities; Frank Mercantile Corporation v. Prudential Insurance Co. of America, 3 Cir., 115 F.2d 496. Chief Justice Taft, when a member of this court in 1897, stated that a motion for a new trial is addressed to the discretion of the court and is not the subject of review, when in the exercise of his discretion the trial court either grants or denies the motion. Felton v. Spiro, 6 Cir., 78 F. 576.

We are aware of the splendid contribution made to due process of law by Mr. Justice Lamar, in McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300, in which he wrote most eloquently to the effect that a juror may not be permitted to impeach his own verdict by revealing proceedings in the jury room. In our opinion, however, this authority is not applicable here for the reason that, disregarding what the recreant juror may have told his fellow jurors about the fine appearance of the cattle, he, as one of the jury panel, by his extraneous action in viewing the cattle and determining that they looked fine, disqualified himself to sit as a juror.

When he sat, he polluted the jury's verdict.

The same result is reached, whether or not our review is bottomed upon the motion of the appellee to dismiss the appeal, or to deny the petition of appellant for writ of certiorari. The action taken by the district court was in the exercise of his jurisdiction and was not such abuse of his judicial discretion as to constitute reversible error.

Accordingly, the appeal is dismissed, the petition for writ of certiorari is denied, and the judgment of the district court granting the motions for new trial is affirmed.