CITIZENS' RAPID TRANSIT COMPANY *v.* DOZIER.

(*Nashville.* December Term, 1902.)

1. **PRACTICE. BILL OF EXCEPTIONS.** To granting of a new trial, considered separately on appeal from final judgment.

Under the course of practice prescribed by statute and applicable to cases wherein a bill of exception is taken for the purpose of testing correctness of an order granting a new trial before final judgment, and the case subsequently goes to the supreme court on appeal from the final judgment, the action of the circuit judge in granting the new trial must be examined as if a separate case were thereby presented. (*Post, pp.* 101-102.)

Acts cited and construed: Acts of 1875, ch. 106.

Code cited and construed: Sections 4851, 4852 (S.); 3836, 3837 (M. & V.).

Case cited: Railroad Co. v. Higgins, 85 Tenn., 620.

2. **SAME.** Same. All grounds for new trial assigned in court below considered by supreme court, whether trial judge specifies the ground of his action or not; duty of trial judge not to prejudice parties.

While it is the duty of the trial judge in granting a new trial to specify the ground upon which he bases his action, still his failure to discharge this duty shall not result in injury to the party in whose favor the new trial is granted where the latter has in the court below fully complied with the requirements of law in setting out specifically and accurately the grounds on which the new trial is asked and is otherwise without fault or

Citizens' Rapid Transit Co. v. Dozier.

negligence in the matter; and in such case the party is entitled to have considered in the supreme court all of his grounds assigned below, and if any one of them is found sufficient to justify the action of the trial judge in granting the new trial, that action should be affirmed, although the judge erroneously based his decision upon some other ground, as where the trial judge granted the new trial for supposed errors in his charge to the jury without specifying them, the supreme court will sustain his action though there may be no error in the charge as actually given to the jury if there was error in his failure to give in charge one of the requests of the parties which was relied upon as one of the grounds for a new trial. (*Post, pp.* 102-103.)

Act cited and construed: Act of 1875, ch. 106.

Code cited and construed: Secs. 4851, 4852 (S.); 3836, 3837 (M. & V.).

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County.—JOHN W. CHILDRESS, Judge.

R. F. JACKSON and J. M. ANDERSON, for Rapid Transit Company.

JAMES TRIMBLE and R. L. KENNEDY, for Dozier.

MR. JUSTICE NEIL delivered the opinion of the Court.

This is an action brought by A. P. Dozier, administrator, against the Citizens' Rapid Transit Company, to recover damages for the death of Dennis Dozier, which resulted from a collision between two street cars near Thirteenth street, West Nashville, on the line of plaintiff in error's railway leading to the State penitentiary. There were three trials of the case in the court below, the first and second trials resulting in verdicts in favor of the defendant, and the third in a verdict and judgment in favor of the plaintiff below.

At the termination of the first trial, and also of the second trial, the plaintiff below moved for a new trial, which was granted in each instance. To the action of the court in granting a new trial upon the second verdict, defendant excepted, and filed a bill of exceptions.

The trial judge, in setting aside the second verdict, did so on what he conceived to be error in his charge to the jury, but he declined to specify, in the order granting the new trial, the special portion of the charge which he thought was erroneous. Defendant below excepted to this aspect of the court's action, and filed a bill of exceptions thereon, also for other alleged errors.

After the third verdict, defendant moved for a new trial, which was refused, whereupon a second bill of exceptions was made, and an appeal was prayed and granted.

When the case reached this court the plaintiff in error filed assignments of error upon both bills of exceptions,

and all of the questions arising thereon have already been disposed of in a memorandum opinion filed with the record, except the one now to be considered, none of the others presenting questions of sufficient novelty to require presentation in an opinion prepared for publication.

As the error which is to be considered in this opinion arose upon the second trial, it is proper, before directing our attention specially to its disposition, to recall that, under the course of practice applicable in this State to cases wherein a bill of exceptions is taken for the purpose of testing the correctness of an order granting a new trial before final judgment, and the case subsequently comes to this court on appeal from the final judgment, the action of the circuit judge in granting the new trial must be examined as if a separate case were thereby presented. *Railroad Co.* v. *Higgins,* 85 Tenn., 620, 4 S. W., 47.

Pursuing this course, it is necessary to determine the practice applicable, under the statute, to the special state of facts we have before us in this record. The statute reads:

"Where a motion for a new trial shall be granted or refused, either party may except to the decision of the court, and many reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case; also the decision of the court on said motion; and it shall be the duty of the judge before whom such motion is made to allow and sign the same;

and such bill of exceptions shall be a part of the record in the case. It shall be lawful for the appellant in such cases to assign for error that the judge in the court below improperly granted or refused a new trial therein; and the supreme court shall have power to grant a new trial or to correct any errors of the circuit court in granting or refusing the same." Acts 1875, p. 189, c. ·106.

It is insisted by the appellant, the plaintiff in error, that the circuit judge should have specified the portion of his charge which he conceived to be incorrect, and that, not having done so, this court can look no further into the matter, but should declare his action in granting the new trial erroneous. On the other hand, it is insisted by the defendant in error that, notwithstanding the above-mentioned failure of the circuit judge, this court should look into the grounds assigned for new trial, and affirm the order granting it, if any of the grounds aforesaid are well taken.

We are of the opinion that the contention of the defendant in error represents the sounder view. While it is the duty of the circuit judge, in granting the new trial, to specifically point out the ground upon which his action in so doing rests, still his failure to discharge this duty should not result in injury to the party in whose favor the new trial is granted, when the latter has in the court below fully complied with the requirements of law in setting out specifically and accurately the grounds on

which the new trial is asked, and is otherwise without fault or negligence in the matter.

In the present case, it appears that the defendant in error did set out fully and specifically in the court below the several grounds on which he asked for a new trial. In such a case the party is entitled to have considered in this court all of his grounds assigned below, and, if any one of them is found sufficient to justify the action of the circuit judge in granting the new trial, that action should be affirmed, although the judge erroneously based his decision upon some other ground.

We have accordingly examined all of the grounds assigned in the court below, and are of opinion that the circuit judge rightly granted the new trial, not for error in his charge as actually given to the jury, but in his failure to give in charge one of the requests of the defendant in error.

No error was therefore committed in granting the new trial on the second verdict, but for errors committed on the third trial, which are considered and disposed of in the memorandum opinion, the judgment in favor of the defendant in error must be reversed, and the cause remanded for a new trial.