JACK HOWARD MIZE b/n/f MRS. VIRGINIA MIZE, and Jack Hamilton Mize, Appellants, v. PHILLIP RAY SKEEN, Appellee. No. 33.—468 S.W.2d 733.

Eastern Section. February 17, 1971.

Certiorari Denied June 21, 1971.

38

R. T. Mann, Knoxville, John Crawford, Jr., Maryville, for appellants.

D. K. Thomas, Maryville, for appellee.

PARROTT, J. Jack Howard Mize, a minor suing by his mother as next friend, seeks damages for personal injuries from Phillip Ray Skeen sustained in a collision of plaintiff's motor bike and defendant's car. By separate suit Jack Hamilton Mize, father of the minor, sues for loss of services and medical expenses.

Below these cases were tried twice. Plaintiffs have perfected appeals and brought to this Court bills of exceptions of both trials.

As required, we will examine first the record of the first trial in which plaintiffs insist the trial judge erred

in granting a new trial. Howell v. Johnson, 42 Tenn.App. 15, 298 S.W.2d 753.

At the first trial the jury found for plaintiffs, returning verdicts in favor of the minor in the sum of $3,000.00 and $5,000.00 for the father. After entry of judgments on the verdicts, defendant timely filed a motion for new trial which was sustained by the trial judge.

Prior to the hearing of the motion for new trial the trial judge received a letter from one of the jurors saying she changed her vote in the jury room "out of sheer fatigue and exhaustion." In acting upon the motion for new trial the trial judge stated: "Gentlemen, were it not for this [letter] the court could and would approve this jury verdict. Under the proof the court could approve, I think, and the court would approve of this verdict for the plaintiff. Or if the verdict had been for the defendant under this proof, the court feels that it, without this being in it, would approve the verdict of the jury." Later the court said: "The court feels that it must sustain the motion for new trial and does sustain it on the basis of the letter received from Mrs. Graves, one of the jurors in this lawsuit."

Notwithstanding the above remarks, the court's order granting the new trial does not set forth any reasons but merely sustains defendant's motion which included grounds of no evidence to support the verdict and the evidence preponderates against the verdict.

Under the common law and the present federal procedure, there is no appellate review of an order granting a new trial. See Higgins & Crownover's Tennessee Procedure in Law Cases, Sec. 1525; Aluminum Company of America v. Loveday, 6 Cir., 273 F.2d 499.

■ Since 1875, by statute [TCA 27-108], our appellate courts are required to review the trial judge's motion for granting or denying a new trial. However, our courts have uniformly held that no appeal would lie until after final judgment. If a new trial is granted, the appealing party must preserve the record of the first trial by a wayside bill of exceptions which is reviewable only after the judgment has become final in the successive trial. Morgan & Co. v. Merchants National Bank, 81 Tenn. 234.

■ Under our system the trial judge is a thirteenth juror, no verdict is valid until approved by him. Carter v. Pickwick Greyhound Lines, 166 Tenn. 200, 60 S.W.2d 421. This rule is so deeply ingrained that our appellate courts have consistently held they are without power to act until the trial judge has approved or disapproved the jury verdict. Cumberland Telephone & Telegraph Co. v. Smithwick, 112 Tenn. 463, 79 S.W. 803; State ex rel. Richardson v. Kenner, 172 Tenn. 34, 109 S.W.2d 95.

■ When the trial judge functions as a thirteenth juror, he is not only required to approve or disapprove of the verdict but is charged with independently weighing the evidence and determining therefrom whether the evidence preponderates in favor or against the jury verdict. England v. Burt, 23 Tenn. 399; McLaughlin v. Broyles, 36 Tenn.App. 391, 255 S.W.2d 1020 (see cases cited therein).

■ Also, our cases have consistently held the granting or denying of a new trial lies largely in the discretion of the trial judge. Gardner v. Burke, 28 Tenn.App. 119, 187 S.W.2d 25. The one appealing from the trial judge's order granting a new trial is burdened with showing the action of the trial judge was not in the exercise of his function as thirteenth juror but was for some invalid

reason. Before the appellate court will interfere with the trial judge's granting a new trial, it must be clearly shown the action was for some untenable or unreasonable reason. The discretion permitted a trial judge in granting or denying a new trial is so wide that our courts have held that he does not have to give a reason for his ruling. If he does give reasons, the appellate court will only look to them for the purpose of determining whether he passed upon the issue and was satisfied or dissatisfied with the verdict. Wakefield v. Baxter, 41 Tenn.App. 592, 297 S.W. 2d 97; State v. Kenner, supra. If the trial judge does not give a reason for his action, the appellate courts will presume he did weigh the evidence and exercised his function as thirteenth juror. Gordon's Transports v. Bailey, 41 Tenn.App. 365, 294 S.W.2d 313; Benson v. Fowler, 43 Tenn.App. 147, 306 S.W.2d 49.

■ On appeal the appellate courts must consider all the grounds assigned below and if any one is found to justify the action of the trial judge in granting a new trial, such action will be affirmed even though an erroneous reason was given by the trial judge. Citizens' Rapid Transit v. Dozier, 110 Tenn. 98, 72 S.W.2d 963.

It has been said that the appellate courts are more liberal in upholding the trial court's action in granting a new trial than they are in upholding the trial court's action in denying a new trial. 39 Am.Jur., New Trial, Sec. 200; Gardner v. Burke, supra.

■ Applying the above principles and rules with the thought in mind that the trial judge was at the scene of the trial with an opportunity to hear the witnesses, observe their demeanor as well as the jurors, we are unable to say the action of the trial judge's granting a new

trial in this case was not an exercise of his function as thirteenth juror nor can we say the action was so inexplicable as to be considered as an abuse of discretion. Hence, plaintiffs' assignment of error directed to the first trial is overruled.

Turning our attention to the second trial where the jury found for the defendant and the trial judge approved the verdict by overruling plaintiffs' motion for new trial and entered judgment dismissing the suit, the plaintiffs' appeal insists the trial judge erred in refusing to charge six of their special requests; erred in admitting into evidence a certain motion picture; and the evidence preponderates against the verdict.

The latter assignment of error cannot be considered. We have no power to review the weight of the evidence and cannot consider an assignment that the evidence preponderates against the verdict. Friendship Telephone Co. v. Russom, 43 Tenn.App. 441, 309 S.W.2d 416.

This accident happened on the afternoon of December 29, 1967. Fourteen year old Jack Howard Mize was riding his Honda motor bike, traveling south on Hankel Road which is 16 feet wide with a gravel surface. As he approached the intersection of Hankel Road and Highway 411, which is 18 feet wide with a paved surface, he stopped approximately one foot from the edge of the pavement, looked in both directions before undertaking to cross the highway.

Young Mize testified he could see to his right, the direction from which the defendant's car was coming, for the length of a football field. Not seeing any oncoming traffic, he proceeded across Highway 411 to the right-

hand lane where the motor bike and defendant's car collided.

Defendant was traveling in an easterly direction along Highway 411 at a speed of approximately 40-45 miles per hour. It was his undisputed testimony that he did not see the plaintiff until the motor bike was within one or two car lengths, that he did not have time to stop or turn so as to keep from striking plaintiff.

There is other evidence that a car on Highway 411 approaching the Hankel Road intersection as defendant was or a person at the intersection of Hankel Road as plaintiff was, could see for a distance of 840 feet.

 Clearly, from what has been said it appears to be for the jury to determine the questions of negligence, contributory negligence along with what was the proximate cause of the collision.

 In such cases as this where there are conflicts in evidence, the reviewing court cannot assume the duty of determining liability or nonliability in tort actions but must leave such duty with the jury as triers of fact. Chattanooga Gas Co. v. Underwood, 38 Tenn.App. 142, 270 S.W.2d 652. In the absence of other errors it is well settled that if there is material evidence to support the verdict of the jury, which has been approved by the trial judge, the appellate courts must affirm. Patterson v. Smith, 57 Tenn.App. 673, 424 S.W.2d 204.

One of the plaintiffs' assignments insists it was error for the trial judge to admit into evidence, over the plaintiffs' objection, a moving picture which was made with a camera set up at the edge of Highway 411 at Hankel Road. This motion picture included the filming of a car

traveling on Highway 411 approaching the Hankel Road intersection as the defendant was at the time of the accident.

The general rule is that the admissibility of photographs is to be determined by the trial judge in the exercise of his sound discretion. Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6; Strickland Transp. Co. v. Douglas, 37 Tenn.App. 421, 264 S.W.2d 233. We know of no reason for a different rule to be applied to motion pictures. Generally the courts in other jurisdictions have held motion pictures to be admissible in the discretion of the trial court when they are shown to be relevant and properly authenticated. See annotation in 62 A.L.R.2d 688.

Finding no abuse of discretion in the action of the court in allowing the showing of motion pictures, we overrule the assignment pertaining to same.

The final assignments of error are directed to the court's charge. It is insisted the court erred in refusing to charge six of plaintiffs' special requests.

In overruling these assignments without an individual or detailed discussion of each request, we think it suffices to say the trial judge covered in his general charge each of the subjects presented by the special requests or the request presented an incorrect statement of the law. We have read each request and made a careful study of the court's charge which, when considered as a whole, appears to be fair and presents to the jury a correct charge of the applicable law.

One of the requests asks the court to instruct the jury that in the case of a child seven to fourteen years of age

there is a prima facie presumption the child is not capable of negligence. This at one time was the law in this state but is no longer applicable to minors operating motor driven vehicles.

In the case of Powell v. Hartford Accident and Indemnity Co., 217 Tenn. 503, 398 S.W.2d 727, our Supreme Court in a split decision held that a minor operating a motor vehicle on the public roads, as young Mize was in this case, is charged with the same standard of care as an adult. Under the holding of the Powell case a minor, operating a motor driven vehicle, is no longer entitled to a charge of the presumption he is not capable of negligence but the trial judge is required to charge the jury, as was done in this case, that such minor is held to the same standard of care as an adult.

Finding no error, we affirm the judgment as entered.

Cooper, P.J. (E.S.), and Sanders, J., concur.