# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **VIRGIL L. HITCHCOCK and** | ) | |
| **SHIRLEY R. HITCHCOCK,** | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | Shelby Circuit No. 62436 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ALLEN S. BOYD, JR., M.D., JAMES D.** | ) | Appeal No.  02A01-9705-CV-00107 |
| **ACKER, M.D., and SEMMES-MURPHY** | ) | |
| **CLINIC, INC., a Tennessee Professional** | ) | |
| **Corporation,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE D'ARMY BAILEY, JUDGE

For the Plaintiffs/Appellants:   For the Defendants/Appellees:

Al H. Thomas      Albert C. Harvey
Ira M. Thomas      John W. Rodgers
Memphis, Tennessee    Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

In this medical malpractice case, the plaintiff alleges that counsel for the defendants committed misconduct during the trial and appeals the trial court's denial of the plaintiff's motion for a new trial. We affirm.

Plaintiff/Appellant Virgil Hitchcock ("Hitchcock") and his wife filed suit against Defendants/Appellees Allen S. Boyd, M.D. and James D Acker, M.D. as well as the Semmes-Murphy Clinic, Inc. ("Defendants"), alleging that their failure to diagnose a tumor resulted in injuries that could have been prevented with proper treatment. During the trial, Hitchcock's attorney told the trial court that a third party had told him that Defendants' counsel, Al Harvey ("Harvey"), may have gestured to his witnesses during cross-examination. The trial court told Hitchcock's attorney to call it to the trial court's attention if it occurred, and Hitchcock's attorney agreed to do so. Subsequently, during the testimony of a defense expert, Hitchcock's attorney objected to the witness "looking to Mr. Harvey for instruction." There was a discussion about counsel approaching the Bench to make that type of objection, and the matter was left at that.

At the conclusion of the proof, each attorney made a closing argument. During the closing argument for the defense, the Defendants' attorney argued:

> This is not simply a case where doctors -- where we are just dealing with money. These doctors, Dr. Allen Boyd and Dr. Jim Acker, have spent their lives in doing their profession and working diligently and writing and studying and doing all of those things so that they can treat their patients, and it's important to them that they not be called negligent in the way they treated their patient.

During the trial, no objection was made to the Defendants' closing argument. After deliberations, the jury returned a verdict for the Defendants.

Shortly after the verdict was announced, a juror, Ada Thomas, contacted the trial court and expressed dissatisfaction with the verdict. The trial judge told Ms. Thomas that he would meet with her the next week in the presence of counsel for both parties. At the meeting, Ms. Thomas said that other jurors had pressured her into acquiescing to the verdict. Ms. Thomas also stated that she had seen Mr. Harvey, counsel for the Defendants, making gestures to the witnesses during cross-examination. After hearing Ms. Thomas' comments, the trial court dismissed her.

Subsequently, Hitchcock filed a motion for a new trial, or in the alternative, for a mistrial. Hitchcock cited attorney misconduct by the defense as well as juror misconduct. The trial court denied this motion. From the denial of this motion, Hitchcock now appeals.

On appeal, Hitchcock argues that the motion for a new trial should have been granted based on (1) the misconduct of defense counsel during the trial in signaling his witnesses during cross-examination; (2) improper statements by defense counsel during closing argument; and (3) juror misconduct, evidenced by the statement of juror Ada Thomas, which resulted in a jury verdict based on passion and sympathy rather than on the merits of the case.

On the appeal of the denial of a motion for new trial, the standard of review is abuse of discretion. "A trial court is given wide latitude in granting a motion for new trial, and a reviewing court will not overturn such a decision unless there has been an abuse of discretion." *Loeffler v. Kjellgren*, 884 S.W.2d 463, 468-69 (Tenn. App. 1994) (citing *Mize v. Skeen*, 63 Tenn. App. 37, 42-43, 468 S.W.2d 733, 736 (1971); *Tennessee Asphalt Co. v. Purcell Enter.*, 631 S.W.2d 439, 442 (Tenn. App. 1982)).

We first consider the alleged juror misconduct. Juror Ada Thomas stated that the jury did not even consider the exhibits or view the evidence when it was sent to deliberate. She testified that she felt extremely pressured to agree to the verdict, and the time in the jury room was spent browbeating her into agreement with the others' decision to find for the defendants.

A jury verdict may be overturned only in limited circumstances: (1) "extraneous prejudicial information" finding its way into the jury room; (2) improper outside pressure on a juror; or (3) a quotient or gambling verdict. *State v. Blackwell*, 664 S.W.2d 686, 688 (Tenn. 1984); *see* Tenn. R. Evid. 606(b). "Internal influences that are not grounds to overturn a verdict include: (1) discussions among jurors, (2) intimidation or harassment of one juror by another, (3) a juror's personal experiences not directly related to the litigation, and (4) a juror's subjective thoughts, fears, and emotions." *Caldararo v. Vanderbilt University*, 794 S.W.2d 738, 742 (Tenn. App. 1990). Ms. Thomas' statements described internal influences that do not warrant a new trial. The trial court is affirmed on this issue.

Hitchcock next argues that the trial court should have granted his motion for new trial or mistrial because of alleged misconduct by counsel for the Defendants during testimony and argument. Hitchcock alleges that Mr. Harvey, the Defendants' attorney, improperly coached witnesses during cross-examination by using head and hand signals.

2

During the trial, Hitchcock's attorney told the trial court that Mr. Harvey may have signaled witnesses, and asked Mr. Harvey "not to indulge in that." Hitchcock's attorney later objected to a witness allegedly "looking to" Mr. Harvey for instruction. At no time did Hitchcock's attorney request a mistrial, a special instruction from the court, or any other relief. The trial court did not rule on the objection. In his motion for new trial, Hitchcock submitted two affidavits, one from a juror and one from an alternate juror, in support of the allegation of misconduct by Mr. Harvey.

Attorney misconduct which could influence the outcome of a trial is grounds for mistrial, or a new trial. *See Guess v. Maury*, 726 S.W.2d 906 (Tenn. App. 1986). However, appellate courts will not "interfere with this discretion of the trial court" in this matter without a finding that this conduct affected the outcome of the trial. *Id.* at 913 (citing *J. Avery Bryan, Inc. v. Hubbard*, 225 S.W.2d 282, 287, 32 Tenn. App. 648, 658 (1949)). There is no indication in the record that any alleged attorney misconduct affected the outcome of the trial. Moreover, during the trial, Hitchcock did not ask for any relief that was not given. Hitchcock did not request a mistrial, a curative jury instruction, or any other relief. The trial court is affirmed on this issue.

Finally, Hitchcock argues that, during closing argument, Mr. Harvey made an improper appeal to the emotions of the jury. Hitchcock notes that the lawsuit was medical malpractice, not defamation, and argues that raising the issue of the defendant doctors' reputations was irrelevant and an improper appeal to the jurors' emotions.

However, Hitchcock's counsel did not object to the statement when it was made, nor did he request a curative instruction or a mistrial at that time. "An objection to the remarks or conduct of counsel must be made at the trial and a ruling had thereon, or they will not be considered on appeal." *Lee v. Lee*, 719 S.W.2d 295, 299 (Tenn. App. 1986) (citing *Morgan v. Duffy*, 94 Tenn. 686, 30 S.W.2d 735 (1895)). Therefore, this Court cannot consider this issue on appeal.

The judgment of the trial court is affirmed. Costs are taxed against the Appellants, for which execution may issue, if necessary.

_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**DAVID R. FARMER, J.**

3