IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 23, 2017 Session

## COMMERCIAL BANK & TRUST COMPANY, ET AL. v. CHILDREN'S ANESTHESIOLOGISTS, P.C., ET AL.

### Appeal from the Circuit Court for Knox County
No. 3-740-14    Deborah C. Stevens, Judge

---

### No. E2016-01747-COA-R3-CV

---

Commercial Bank & Trust Company, Legal Guardian of the Estate of Albert P. Mjekiqi, a Disabled Minor; Omer Mjekiqi and Gabriela Mjekiqi, Individually and as Legal Guardians of the Person of Albert P. Mjekiqi; and Volunteer State Health Plan, Inc. (collectively "Plaintiffs") sued Children's Anesthesiologists, P.C.; Heather D. Phillips, D.O.; Kari L. Clinton; Neurosurgical Associates, P.C.; Lewis W. Harris, M.D.; and East Tennessee Children's Hospital Association, Inc. d/b/a East Tennessee Children's Hospital alleging health care liability in connection with surgery performed on Albert P. Mjekiqi ("Albert") in May of 2011.  After a trial, the Circuit Court for Knox County ("the Trial Court") entered judgment on the jury's verdict finding no liability on the part of the defendants.  Plaintiffs appeal to this Court raising issues with regard to admission of evidence and jury instructions.  We discern no error, and we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KENNY W. ARMSTRONG, JJ., joined.

Sidney W. Gilreath, Cary L. Bauer, and Joshua M. Dennis, Knoxville, Tennessee, for the appellants, Commercial Bank & Trust Company, Legal Guardian of the Estate of Albert P. Mjekiqi, a Disabled Minor; Omer Mjekiqi and Gabriela Mjekiqi, Individually and as Legal Guardians of the Person of Albert P. Mjekiqi; and Volunteer State Health Plan, Inc.

James H. London, Jennifer Pearson Taylor, and J. Spencer Fair, Knoxville, Tennessee, for the appellee, Children's Anesthesiologists, P.C.

Edward G. White, Wayne A. Kline, and Lyndsey L. Lee, Knoxville, Tennessee, for the appellee, Neurosurgical Associates, P.C.

## OPINION

## Background

When Albert was one year old he had a hemispherectomy which removed a portion of his brain. Albert had a shunt implanted to drain cerebrospinal fluid in his brain, and over the years had undergone at least one shunt revision procedure. At the time of the surgery that gave rise to this suit, Albert was an eight year old who had left-side weakness, but he was able to sit, stand, and walk. In May of 2011, after presenting to the emergency room with complaints of headaches and vomiting, and undergoing testing[1], Albert was admitted to East Tennessee Children's Hospital where he underwent surgery for a shunt revision. Albert was no longer able to walk post-surgery and instead was wheelchair-bound.

Plaintiffs[2] sued alleging health care liability. The case was tried before a jury during a two week period in February and March of 2016. After trial, the jury returned its verdict finding no liability on the part of the defendants.[3] The Trial Court entered judgment upon the jury's verdict on March 8, 2016. Plaintiffs filed a motion for new trial, which the Trial Court denied. Plaintiffs appeal to this Court.

## Discussion

Although not stated exactly as such, Plaintiffs raise four issues on appeal: 1) whether the Trial Court erred in allowing testimony that implied that Albert's parents came to this country as refugees; 2) whether the Trial Court erred in not allowing exhibit number 102 to be taken to the jury room; 3) whether the Trial Court erred in refusing to grant the motion for new trial when the defendants allegedly failed to offer evidence of the standard of care; and 4) whether the Trial Court erred in charging the jury with an 'error in judgment' instruction.

---

[1] From the Parkwest Medical Center emergency room, Albert was sent first to East Tennessee Children's Hospital and then home. Dr. Harris called the next day and set up the shunt revision surgery.

[2] Volunteer State Health Plan, Inc. was not originally a plaintiff to this action, but it was granted leave to intervene during the pendency of the suit.

[3] Prior to trial, Plaintiffs non-suited East Tennessee Children's Hospital. After the close of proof at trial, Plaintiffs nonsuited Heather D. Phillips, D.O.; Kari L. Clinton; and Lewis W. Harris, M.D. The jury deliberated as to the potential liability of Children's Anesthesiologists, P.C. and Neurosurgical Associates, P.C. only.

2

Our Supreme Court has instructed:

> An appellate court shall only set aside findings of fact by a jury in a civil matter if there is no material evidence to support the jury's verdict. Tenn. R. App. P. 13(d); *Whaley v. Perkins*, 197 S.W.3d 665, 671 (Tenn. 2006). In determining whether there is material evidence to support a verdict, we shall: "(1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all [countervailing] evidence." *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 704 (Tenn. 2000) (citing *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978)). "Appellate courts shall neither reweigh the evidence nor decide where the preponderance of the evidence lies." *Barnes*, 48 S.W.3d at 704. If there is any material evidence to support the verdict, we must affirm it; otherwise, the parties would be deprived of their constitutional right to trial by jury. *Crabtree Masonry Co.*, 575 S.W.2d at 5.

*Creech v. Addington*, 281 S.W.3d 363, 372 (Tenn. 2009).

We first consider whether the Trial Court erred in allowing testimony that implied that Albert's parents came to this country as refugees. During cross-examination, Albert's mother was asked several questions about the fact that she and her husband came to the United States in 1999, that she was from Bulgaria and her husband was from Yugoslavia, and that she had worked for a military contractor training United States soldiers for peace-keeping missions. Plaintiffs' counsel did not object to any of these questions.

As this Court stated in *Grandstaff v. Hawks*:

> Objections to the introduction of evidence must be timely and specific.

> * * *

> A party who invites or waives error, or who fails to take reasonable steps to cure an error, is not entitled to relief on appeal. Failure to object [to] evidence in a timely and specific fashion precludes taking issue on appeal with the admission of the evidence.

*Grandstaff v. Hawks*, 36 S.W.3d 482, 488 (Tenn. Ct. App. 2000) (citations omitted). As Plaintiffs raised no objection at trial to the introduction of evidence regarding Albert's parents coming to the United States from Bulgaria and Yugoslavia, Plaintiffs are precluded from raising this issue on appeal.

We next consider whether the Trial Court erred in not allowing exhibit number 102 to be taken to the jury room. Exhibit 102 consists of a piece of paper upon which was handwritten, apparently by Plaintiffs' counsel: "standard of care," and undernearth those words was typed: "The practice that protects the patient from unnecessary risk of serious harm." At trial, Plaintiffs' counsel asked Dr. Phillips if she agreed with that statement, and she did agree. Plaintiffs' counsel then attempted to file the paper as an exhibit. An objection was raised to admitting the paper as an exhibit as it was cumulative to the testimony just given by Dr. Phillips. The Trial Court marked Exhibit 102 for identification purposes only.

As this Court stated in *DeLapp v. Pratt*:

Issues regarding admission of evidence in Tennessee are reviewed for abuse of discretion. *Dickey v. McCord*, 63 S.W.3d 714, 723 (Tenn. Ct. App. 2001). "[T]rial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant." *Id*. Our Supreme Court discussed the abuse of discretion standard in *Eldridge v. Eldridge*, stating:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

Appellate courts ordinarily permit discretionary decisions to stand when reasonable judicial minds can differ concerning their soundness. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999). A trial court's discretionary decision must take into account applicable law and be consistent with the facts before the court. *Id.* When reviewing a

discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Id*.

*DeLapp v. Pratt*, 152 S.W.3d 530, 538 (Tenn. Ct. App. 2004).

Plaintiffs' counsel did not object to the Trial Court's not allowing Exhibit 102 to be taken into the jury room, and, as such, waived this issue on appeal. Furthermore, even if the issue were not waived, we cannot find the Trial Court abused its discretion in excluding Exhibit 102 as "needless presentation of cumulative evidence," since the statement contained in Exhibit 102 was read to Dr. Phillips at trial, and she testified that she agreed with the statement. Tenn. R. Evid. 403. Furthermore, there was no evidence submitted at trial that Exhibit 102 was a complete definition as to the "recognized standard of acceptable professional practice . . ." in this case as mandated by Tenn. Code Ann. § 29-26-115(a)(1) as opposed to being a general statement or aspect of that standard of acceptable profesional practice. Tenn. Code Ann. § 29-26-115(a)(1) (2012). The specifics necessary to flesh out that general statement will vary from case to case depending upon the health care given to the patient. For example, the specifics as to the acceptable standard of professional practice in a case involving a surgery will not be the same as in a case involving the prescribing of medication. As such, allowing Exhibit 102 to go to the jury room likely would have resulted in confusion by giving this written statement undue weight over the oral testimony on that issue. We find no error by the Trial Court on this issue. If we are in error on this, we also find that it would be, at most, harmless error.

We next consider whether the Trial Court erred in refusing to grant the motion for new trial when the defendants allegedly failed to offer evidence of the standard of care. With regard to a motion for new trial this Court has stated:

A trial court is given wide latitude in granting a motion for a new trial, and a reviewing court will not overturn such a decision unless there has been an abuse of discretion. *Mize v. Skeen*, 63 Tenn. App. 37, 42–43, 468 S.W.2d 733, 736 (1971); *see also Tennessee Asphalt Co. v. Purcell Enter.*, 631 S.W.2d 439, 442 (Tenn. App. 1982). As the thirteenth juror, the trial judge is required to approve or disapprove the verdict, to independently weigh the evidence, and to determine whether the evidence preponderates in favor of or against the jury verdict. *Mize*, 63 Tenn. App. at 42, 468 S.W.2d at 736. If the trial judge is dissatisfied with the verdict, he should set it aside and grant a new trial. *Hatcher v. Dickman*, 700 S.W.2d 898, 899 (Tenn. App. 1985)(quoting *Cumberland Tel. & Tel. Co. v. Smithwick*, 112 Tenn. 463, 469, 79 S.W. 803, 804 (1904)).

*Boggs v. Rhea*, 459 S.W.3d 539, 547 (Tenn. Ct. App. 2014) (quoting *Loeffler v. Kjellgren*, 884 S.W.2d 463, 468 (Tenn. Ct. App. 1994)).

In their brief on appeal, Plaintiffs assert that the Trial Court should have granted a new trial because defendants allegedly failed to offer evidence of the standard of care. Plaintiffs are mistaken.

In *Mabon v. Jackson-Madison County Gen. Hosp.*, this Court stated: "It is the plaintiff who is charged with the burden of proof as to the standard of care in the community in which the defendant practices or in a similar community," pursuant to Tenn. Code Ann. § 29-26-115(a)(1). *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826, 831 (Tenn. Ct. App. 1997); *see also Geesling v. Livingston Reg. Hosp. LLC*, No. M2007-02726-COA-R3-CV, 2008 WL 5272476, at *4 (Tenn. Ct. App. Dec. 18, 2008) (stating: "Tenn. Code Ann. § 29-26-115(a)(1) states that the claimant shall have the burden of proving by evidence the relevant recognized standard of care."). Our Supreme Court also has noted that "T.C.A. § 29-26-115 affirmatively places the burden of proof in a malpractice case upon the plaintiff . . . ." *Cardwell v. Bechtol*, 724 S.W.2d 739, 753 (Tenn. 1987).

In their brief on appeal, Plaintiffs acknowledge that several expert witnesses testified at trial that Dr. Harris met the standard of care. Plaintiffs argue, however, that none of those expert witnesses "established what the recognized standard of acceptable professional practice actually was for Defendant Harris." This argument is without merit. Plaintiffs had the burden of proving the standard of care, not defendants. Plaintiffs met this burden and several defense expert witnesses then testified that Dr. Harris met the standard of care. We find no abuse of discretion in the Trial Court's refusal to grant the motion for new trial on this issue.

Finally, we consider whether the Trial Court erred in charging the jury with an 'error in judgment' instruction. As this Court explained in *Goodale v. Langenberg*:

> The trial court's instructions guide the jury in its deliberations. The instructions must be plain and understandable, and must inform the jury of each applicable legal principle. *Wielgus v. Dover Indus.*, 39 S.W.3d 124, 131 (Tenn. Ct. App. 2001). They must also reflect the theories that are supported by the parties' pleadings and proof, as well as the parties' claims and defenses. *Cole v. Woods*, 548 S.W.2d 640, 642 (Tenn. 1977). Jury instructions must be correct and fair as a whole, although they do not have to be perfect in every detail. *Wielgus*, 39 S.W.3d at 131. Upon review, we read a trial court's instructions to the jury in their entirety and in context of

6

the entire charge. *See id*. Additionally, where the trial court's instructions clearly and definitely set forth the elements upon which liability must be based, the failure to recite each element in the verdict form will not render the verdict invalid. *State v. Faulkner*, 154 S.W.3d 48, 62 (Tenn. 2005).

*Goodale v. Langenberg*, 243 S.W.3d 575, 584 (Tenn. Ct. App. 2007).

In their brief on appeal, Plaintiffs argue that because there was "no testimony whatsoever basing any defense on 'error in judgment,' it was reversible error to instruct the jury on such a defense." Plaintiffs rely[4], in part, upon *Godbee v. Dimick* in which this Court stated: "[Defendant] denies any mistake, honest or otherwise, and his defense does not envision 'honest mistake,'" and held that as there was "no evidence in this record to support such defense, it was error to give the instruction." *Godbee v. Dimick*, 213 S.W.3d 865, 890 (Tenn. Ct. App. 2006).

The jury instructions given in the instant case differ significantly from those given in *Godbee*. In *Godbee*, the relevant portion of the jury instructions included the following:

> A physician will not be held responsible for honest mistakes in judgment but only for negligent failure to meet the standard required by the profession in the community.
>
> A physician does not guarantee a cure for his patients. Presuming careful diagnosis, a physician is not liable for damages resulting from an honest mistake in determining the care and the treatment to be administered.

*Id*. In the instant case, the relevant jury instructions included the following[5]:

> By undertaking treatment, a medical professional does not guarantee a good result. A medical professional is not negligent merely because of an

---

[4] Plaintiffs also rely upon *Givens v. Sorrels*, No. M2012-01712-COA-R3-CV, 2013 WL 4507946 (Tenn. Ct. App. Aug. 21, 2013), *Rule 11 appl. perm. appeal denied Jan. 16, 2014*, which is designated as a memorandum opinion and pursuant to Rule 10 of the Rules of the Court of Appeals may "not be cited or relied on for any reason in any unrelated case." R. Ct. App. 10. Plaintiffs also rely upon cases from other jurisdictions. As there is existing Tennessee case law, however, we find no need to consider case law from other jurisdictions. *See Ward v. Glover*, 206 S.W.3d 17, 41 (Tenn. Ct. App. 2006) (discussing the use of Tennessee pattern jury instruction 6.12 and stating that Tennessee "has consistently held that this charge is appropriate.").

[5] The Trial Court utilized pattern jury instruction T.P.I. – Civil 6.12 Perfection Not Required, changing only the pronouns in the jury instruction as appropriate to suit the facts in the instant case.

unsuccessful result or error in judgment. An injury alone does not raise a presumption of negligence. It is negligence, however, if the error of judgment or lack of success is due to a failure to have and use the required knowledge, care, and skills as defined in these instructions.

The Trial Court in the instant case did not charge the jury with regard to 'honest mistake,' as did the trial court in *Godbee*. Rather, the Trial Court in the instant case charged the jury that: "A medical professional is not negligent merely because of an unsuccessful result or error in judgment." Even if Plaintiffs are correct that the evidence in the record on appeal does not support a defense based upon 'error in judgment,' the jury instruction given provided for another possibility. The jury instruction given provided that a defendant is not negligent merely "because of an unsuccessful result," *or* because of an "error in judgment." Here, it was alleged that Dr. Harris's decision to continue to attempt to remove the shunt after he encountered difficulty was inappropriate and that Dr. Harris should have made a different decision. Clearly, Dr. Harris used his medical judgment when he made the decisions that he made during the surgery. So the fact that defendants did not admit to an 'error in judgment' does not invalidate the use of this instruction when Plaintiffs presented proof that Dr. Harris erred in choosing to continue to attempt to remove the shunt. Given all this, we find the facts and analysis with regard to the jury instructions in *Godbee* easily distinguishable from the case now before us.

Reading the Trial Court's "instructions to the jury in their entirety and in context of the entire charge," as we must, we find no error in the Trial Court's use of the pattern jury instruction containing the words 'error in judgment' as they properly reflected the parties' claims and defenses. *Goodale*, 243 S.W.3d at 584.

Finding no error, we affirm the Trial Court's Final Judgment entered upon the jury's verdict on March 8, 2016.

## <u>Conclusion</u>

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Commercial Bank & Trust Company, Legal Guardian of the Estate of Albert P. Mjekiqi, a Disabled Minor; Omer Mjekiqi and Gabriela Mjekiqi, Individually and as Legal Guardians of the Person of Albert P. Mjekiqi; and Volunteer State Health Plan, Inc., and their surety.

_____
D. MICHAEL SWINEY, CHIEF JUDGE