IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 26, 2020

## CAROL BUCKLEY v. THE ELEPHANT SANCTUARY IN TENNESSEE, INC.

**Appeal from the Chancery Court for Lewis County**
**No. 2010-CV-133   Deanna Bell Johnson, Chancellor**

———————————————————

**No. M2020-00883-COA-T10B-CV**

———————————————————

This is an accelerated interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal appeal, pursuant to the de novo standard as required under Rule 10B, § 2.01, we reverse the trial court's decision to deny the motion for recusal and remand with instructions for another judge to be designated to preside over this case.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Chancery Court Reversed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Edward M. Yarbrough and W. Justin Adams, Nashville, Tennessee, for the appellant, Carol Buckley.

Robert E. Boston and Mark M. Bell, Nashville, Tennessee, for the appellee, The Elephant Sanctuary in Tennessee, Inc.

### OPINION

This appeal arises from a civil action commenced by Carol Buckley ("Ms. Buckley") against The Elephant Sanctuary in Tennessee, Inc. ("the Sanctuary"). Ms. Buckley was a founding member of the Sanctuary, which was organized in 1995 for the purpose of caring for and providing sanctuary to captive elephants. The Sanctuary is located in Hohenwald, Tennessee. Tarra, an Asian elephant, which Ms. Buckley had individually cared for since 1974, was one of the first elephants to reside at the Sanctuary.

Ms. Buckley worked at the Sanctuary caring for Tarra and the other elephants until 2009 when she was placed on leave; her employment was terminated in 2010. Since that time, the Sanctuary has refused to allow Ms. Buckley to visit Tarra. As a consequence, Ms. Buckley commenced this action against the Sanctuary seeking visitation with Tarra, among other relief. The Sanctuary filed an answer and asserted a counterclaim seeking, among other relief, a declaration that it owned Tarra.

The case lay dormant for a few years until it was decided on summary judgment that the issue to be tried was which party had the right to control and possess Tarra. The case was then tried before a jury in August of 2018 with Chancellor Deanna Belle Johnson presiding. It ended in a hung jury.

The case was retried before Chancellor Johnson and a different jury in April of 2019. During his closing argument, Ms. Buckley's counsel made reference to a fact that was not introduced at trial, mentioning that the Sanctuary did not pay property taxes in Lewis County. Based on this comment, the Sanctuary moved for and received a corrective jury instruction, which the court read to the jury before the Sanctuary's rebuttal argument. The instruction provided reads as follows:

> Members of the jury, during his closing argument, Mr. Yarbrough made reference to a matter as if it was a fact which was . . . introduced at trial. In addition, that comment was not accurate. He mentioned that The Sanctuary does not pay property taxes in Lewis County. That is inaccurate. The Sanctuary does pay property taxes in Lewis County. I am instructing you that it was in error for Mr. Yarbrough to present that to you, and I am instructing you to disregard it.

Additionally, following closing arguments, the court's jury instructions included this directive:

> In reaching your verdict, you may consider only the evidence that was admitted. Remember that any questions, objections, statements or arguments made by the attorneys during the trial are not evidence.

After deliberating, the jury ruled in favor of Ms. Buckley.

Following the entry of judgment, the Sanctuary timely filed a motion for a new trial on three grounds: (1) the verdict was contrary to the weight of the evidence; (2) that Ms. Buckley's counsel made a highly prejudicial comment during closing argument; and (3) the interests of justice required a new trial. Ms. Buckley filed a response in opposition to the motion contesting all three grounds. As for the second ground, Ms. Buckley contended that the Sanctuary waived the issue by choosing to request a corrective jury instruction instead of a mistrial. The court conducted a hearing on the Sanctuary's motion on July 8, 2019. At

the conclusion of the hearing, the court ordered the Sanctuary to file a supplemental brief, which it did, and Ms. Buckley filed a response.

On September 27, 2019, the trial court entered an order granting a new trial without stating the grounds upon which the motion was granted.

On October 17, 2019, Ms. Buckley filed a motion to alter or amend the order, asking the court to specify "the underlying basis of the Court's ruling in order to determine whether the new trial is governed by Tenn. R. Civ. P. 59.06," i.e., because the verdict was contrary to the weight of the evidence. Three months later, on February 3, 2020, the trial court entered an order setting a deadline for the Sanctuary to respond to Ms. Buckley's motion. The Sanctuary filed its response on March 2, 2020.

On March 25, 2020, the court entered an order denying Ms. Buckley's Motion to Alter or Amend without explanation and without clarifying its reasons for granting a new trial.

Thereafter, Ms. Buckley filed a motion for recusal pursuant to Tenn. Sup. Ct. Rule 10B § 1.01 and a motion seeking a new trial before another judge pursuant to Tenn. R. Civ. P. 59.06. The motions contended that, by granting the motion for a new trial without explanation, the trial court was presumed to have weighed the evidence and found the jury's verdict to be against the weight of the evidence. Accordingly, Ms. Buckley asserted that the trial judge was required to disqualify herself pursuant to Rule 59.06, and failing to do so constituted grounds for her recusal pursuant to Rule 10B.

Pursuant to an order entered on May 18, 2020, the trial court denied Ms. Buckley's motions. The court stated, for the first time, a ground for granting a new trial:

> The Court believed that Mr. Yarbrough's statements in closing argument were so very egregious that a new trial was warranted on that ground. However, out of respect for Mr. Yarbrough, the Court chose not to identify his statements as **the** actual reason for granting the motion, especially in light of the media coverage of this case. Therefore, the Court simply granted the motion for new trial without identifying the reason.
>
> .    .    .
>
> Ms. Buckley has now filed a Rule 10B motion. In order to properly rule on that Rule 10B motion, the Court must now put into the record the Court's finding regarding Mr. Yarbrough's statement *i.e.*, Mr. Yarbrough's statement was so highly inflammatory, prejudicial, and offensive to The Sanctuary as to warrant a new trial. For **this** reason, the Court granted The Sanctuary's motion for new trial.

(Emphasis in original).

This Petition for Recusal Appeal pursuant to Tenn. Sup. Ct. R. 10B followed.

### STANDARD OF REVIEW

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a "petition for recusal appeal" with the appropriate appellate court. *Id.* § 2.02.

The only issue we may consider in a petition for recusal appeal is whether the trial judge should have granted the motion to recuse. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review is de novo. *See* Tenn. Sup. Ct. R. 10B § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)). Thus, we examine the factual record anew, with no presumption of correctness, and reach our own conclusion. *See Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013).

If we determine after reviewing the petition and supporting documents that no answer from the other parties is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may order further briefing by the parties. *Id*. We may also decide the appeal without oral argument. *Id.* § 2.06.

Based on our review of the petition and supporting documents, we determined that an answer was appropriate. In its answer, the Sanctuary encouraged us to "construe this proceeding as one under Tenn. Sup. Ct. R. 10B because [Ms. Buckley] admittedly [sought] appellate review of the May 2020 order denying her Motion for Recusal under Tenn. Sup. Ct. R. 10B."[1] It also encouraged us to reverse the trial court's denial of Ms. Buckley's Rule 10B recusal motion because Ms. Buckley "failed to provide a valid ground for the trial judge's recusal."

---

[1] Ms. Buckley's initiating pleading was styled "Tenn. R. App. P. 10 Application For Extraordinary Appeal Or, Alternatively, Tenn. Sup. Ct. R. 10B Petition For Recusal Appeal." The petition was filed under docket No. M2020-00804-COA-R10-CV. In our order of June 10, 2020, we requested the Sanctuary file an answer and address the propriety of combining a Tenn. R. App. P. 10 Application for Extraordinary Appeal with a Tenn. Sup. Ct. R. 10B Petition for Recusal Appeal. In short, the Sanctuary stated that we should deny and dismiss the Application for Extraordinary Appeal and treat this proceeding as a Petition for Recusal Appeal. Alternatively, the Sanctuary stated that this court should separate the matters because "a Tenn. Sup. Ct. R. 10B petition may only be considered in conjunction with other issues in a Tenn. R. App. P. 3 appeal as of right." In our order of June 26, 2020, we separated the two matters and the Clerk assigned a separate case number to the Petition for Recusal Appeal.

Having considered the answer along with the petition and supporting documents, we have determined that neither additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Tenn. Sup. Ct. R. 10B, §§ 2.05 and 2.06.

**ANALYSIS**

Ms. Buckley contends the trial court's explanation of its reasons for granting the new trial, made months later in response to a motion for recusal, creates the appearance of bias. More specifically, Ms. Buckley contends the trial court's "sudden change of course in this case, disclosing her reasons for granting a new trial only when it became apparent she could be removed from the case pursuant to Tenn. R. Civ. P. 59.06 if she did not, creates the appearance that the judge is not a disinterested neutral third-party but an interested participant[.]" Ms. Buckley goes on to state that this change of course "undermines 'public confidence in the justness of civil procedure.'"

The Sanctuary contends that the trial court's decision to grant a new trial "because of the prejudicial conduct of the other party" is "not one that prompts recusal."

The issue for us to consider is not whether the trial court erred by stating, for the first time, in response to a motion for recusal, its reasons for granting the motion for a new trial several months earlier. In a Tenn. Sup. Ct. R. 10B appeal, "[t]he only issue [the appellate court] may consider . . . is whether the trial judge should have granted [the] motion to recuse." *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018) (citing *Duke*, 398 S.W.3d at 668). Therefore, the issue before us is whether "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). If the answer is "yes," then the motion to recuse should be granted. *Id.* at 565.

I. Tennessee Rule of Civil Procedure 59.06

As an initial matter, we agree with Ms. Buckley's assertion that—in the absence of an explanation for granting a new trial—Rule 59.06 required the trial judge to recuse herself.

As this court explained in *Cooper v. Tabb*, "[w]hen faced with a motion for a new trial asserting that the verdict is against the weight of the evidence, the trial court is called upon to independently weigh the evidence and determine whether it preponderates in favor of or against the verdict." 347 S.W.3d 207, 220 (Tenn. Ct. App. 2010) (citing *Woods v. Herman Walldorf & Co.*, 26 S.W.3d 868, 873 (Tenn. Ct. App. 1999) (other citations

omitted)). "This role has been likened to acting as a thirteenth juror[.]" *Id*. As this court reasoned in *Mize v. Skeen*, while acting as the "thirteenth juror," the trial judge "is not only required to approve or disapprove of the verdict but is charged with independently weighing the evidence and determining therefrom whether the evidence preponderates in favor or against the jury verdict." 468 S.W.2d 733, 736 (Tenn. Ct. App. 1971) (citations omitted). "[I]f the trial judge is dissatisfied with the verdict, the verdict must be set aside." *Cooper*, 347 S.W.3d at 221 (citing *Holden v. Rannick,* 682 S.W.2d 903, 905 (Tenn. 1984)).

As Ms. Buckley acknowledges, "the trial court has such broad discretion that it is not bound to give reasons for its action in granting or denying a new trial based on the preponderance of the evidence." *Id*. When a trial judge approves or disapproves of the verdict without comment, "the appellate court will presume that the trial judge has adequately performed [her] function as the thirteenth juror." *Id*. (citations omitted). Accordingly, "[i]f the trial judge does not give a reason for [her] action, the appellate courts will presume [s]he did weigh the evidence and exercised [her] function as thirteenth juror." *Mize*, 468 S.W.2d at 736 (citations omitted).

These legal principles set the stage for us to consider the import of the straightforward language of Rule 59.06, which states, "If the trial court grants a new trial because the verdict is contrary to the weight of the evidence, **upon the request of either party the new trial shall be conducted by a different circuit judge or chancellor**." Tenn. R. Civ. P. 59.06 (emphasis added). Thus, when a trial judge grants, without comment, a motion for a new trial asserting that the verdict is against the weight of the evidence, the trial judge must grant a request for a different judge in the new trial.

In this case, the Sanctuary filed a motion for new trial, asserting the verdict was contrary to the weight of the evidence. In its order of September 27, 2019, the trial court granted the motion without comment, leading to a presumption that the judge granted a new trial because the verdict was contrary to the weight of the evidence. Accordingly, Ms. Buckley filed a motion pursuant to Rule 59.06, asking for another judge to preside over the next trial. At that point, the judge was under an affirmative duty to recuse herself from the case and allow another judge to preside.[2] However, the judge denied Ms. Buckley's motion,

---

[2] We acknowledge but disagree with the Sanctuary's contention that a Rule 59.06 motion is inapplicable to a recusal motion. As support, the Sanctuary cites to *Baker v. Hooper*, 50 S.W.3d 463 (Tenn. Ct. App. 2001). In pertinent part, *Baker* states:

> The Trial Judge did not abuse his discretion in declining to recuse himself. The Plaintiff's reliance on Tennessee Rule of Civil Procedure 59.06 as grounds for recusal is misplaced. This Rule provides for a new trial where a jury verdict is against the weight of the evidence, and is therefore inapplicable to the case at bar.

*Id.* at 467. We find the Sanctuary's reliance on the foregoing is misplaced because the court's reasoning in *Baker* was based on the fact that the case was tried without a jury; thus, Rule 59.06 did not apply. *Id.*

explaining that the new trial was granted based solely on the statements of Ms. Buckley's counsel in closing arguments, and refused to step aside from the case.

## II. Appearance of Impartiality

Ms. Buckley contends the timing of the trial court's explanation for granting a new trial creates the appearance of bias. The trial court's explanation that the new trial was granted based solely on the statements of Ms. Buckley's counsel was not in response to a motion for a new trial or a motion to alter or amend the order granting a new trial. Instead, it was provided in response to a motion for recusal.

As stated, a trial judge should step aside if "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis*, 38 S.W.3d at 564–65 (quoting *Alley*, 882 S.W.2d at 820).

The relevant portion of the Code of Judicial Conduct provides:

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

    (1) The judge has a personal bias or prejudice concerning a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceedings.

Tenn. Sup. Ct. R. 10, RJC 2.11(A)(1).[3] Thus, the question is whether there is a reasonable basis for questioning the trial court's impartiality when the court refused to state a reason for its prior decision until it was faced with mandatory disqualification pursuant to Rule 59.06.

We find it significant that seven months prior to the filing of Ms. Buckley's motion for recusal, the trial court granted a new trial without stating the grounds for its decision. Ms. Buckley then timely filed a motion to alter or amend the order granting the motion for a new trial in which she specifically asked the court to state its reasons for granting a new trial. This motion afforded the trial court another opportunity to state its reason for granting a new trial; yet, once again, the trial court reaffirmed its grant of a new trial without stating its reasons. The relevant timeline, stated summarily in outline form, leading up to the Rule 59.06 motion and the Motion for Recusal is as follows:

---

[3] "Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply." Tenn. Sup. Ct. R. 10, RJC 2.11(A), cmt. 1.

- April 22, 2019: The final judgment was entered after the jury rendered a verdict in favor of Ms. Buckley.

- May 21, 2019: The Sanctuary filed a motion for a new trial.

- July 8, 2019: The trial court held a hearing on the motion for a new trial

- August 7, 2019: At the request of the trial court, the Sanctuary filed a supplemental brief to address Ms. Buckley's contention that the issue regarding the nonpayment of property taxes was waived during closing arguments. August 19, 2019: Ms. Buckley filed a response addressing the same issue.

- September 27, 2019: Six weeks later, the trial court entered an order granting a new trial without stating the grounds upon which the Sanctuary's motion was granted and without addressing the waiver issue for which the trial court had requested supplemental briefing.

- October 17, 2019: Ms. Buckley filed a motion to alter or amend the order granting a new trial in which she asked the trial court to clarify "the underlying basis of the Court's ruling in order to determine whether the new trial is governed by Tenn. R. Civ. P. 59.06."

- February 3, 2020: The trial court entered an order setting a deadline for the Sanctuary to respond by March 2, 2020. March 2, 2020: The Sanctuary filed a response.

- March 25, 2020: The trial court entered an order denying Ms. Buckley's motion to alter or amend without stating its reasons and without stating the grounds on which it granted a new trial.

- Ms. Buckley then filed a motion for trial before another judge pursuant to Tenn. R. Civ. P. 59.06 and a motion for recusal pursuant to Tenn. Sup. Ct. Rule 10B, § 1.01. The motions were based on the ground that, by granting the motion for a new trial without explanation, the trial judge was presumed to have weighed the evidence and found the jury's verdict to be against the weight of the evidence. The Sanctuary timely filed a response.

- May 18, 2020: The trial court denied Ms. Buckley's motion for recusal, and for the first time, the court stated its reasons for granting a new trial.

Although the court was "not bound to give reasons for its action in granting or denying a new trial," the court's silence on the issue created a presumption that it granted a new trial because the weight of the evidence was against the verdict. *See Cooper*, 347 S.W.3d at 220–21. As a consequence, upon the filing of Ms. Buckley's Rule 59.06 motion, the trial court was disqualified from presiding over the new trial. As Ms. Buckley contends, the trial court only stated a reason for granting a new trial **after** Ms. Buckley invoked her right under Tenn. R. Civ. P. 59.06 to have another judge preside over the new trial.

Considering the unique facts and circumstances of this case, they give the impression that the court's decision to belatedly provide a reason for granting a new trial was to avoid disqualification. Accordingly, we have determined that a person of ordinary prudence, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality based on the facts of this case. *See Davis*, 38 S.W.3d at 564; *see also Alley*, 882 S.W.2d at 820; Tenn. Sup. Ct. R. 10, RJC 2.11(A). Accordingly, we reverse the decision of the trial court and remand with instructions to grant the Motion for Recusal and for the case to be assigned to another judge or chancellor.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with instructions for the assignment of another judge or chancellor to preside over this case. Costs of appeal are assessed against the Sanctuary of Tennessee, Inc.

_____
FRANK G. CLEMENT JR., P.J., M.S.